## Hauenstein *v.* Conestoga Traction Company, Appellant.

*Street railways—Trolley express companies—Freight cars—Consignee injured while unloading freight—Conductor—Swing of car on curve— Premature start.*

1. Where a consignee of freight is invited by the conductor of a trolley freight express car to approach the car and remove the freight from it to a barrow he is entitled while so doing to protection from the conductor in the position in which he is required to place himself for the purpose of receiving the freight and to an opportunity, not only to place the freight on the barrow, but to remove himself and the barrow so as to prevent a collision with the car.

2. In an action brought by a consignee against a trolley express company to recover damages for personal injuries, the case is for the jury where it appears that the plaintiff was invited by the conductor of one of the company's freight cars which had stopped upon a curve to approach the car with a wheelbarrow and remove his freight, and the evidence tends to show that the plaintiff was struck by the swing on the curve of the starting car while placing the last box received from the conductor on the wheelbarrow, without any lingering or delay on his part in handling the box.

Argued May 16, 1910. Appeal, No. 229, Jan. T., 1909, by defendant, from judgment of C. P. Lancaster Co., Dec. T., 1907, No. 48, on verdict for plaintiff in case of Daniel L. Hauenstein v. The Conestoga Traction Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LANDIS, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,537.50. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*W. U. Hensel,* for appellant, cited: Hoffman v. Rapid Transit Co., 214 Pa. 87; Osterheldt v. Peoples, 208 Pa. 310; Dennison v. Iron Co., 22 Pa. Superior Ct. 219; Buzby v. Traction Co., 126 Pa. 559; Widener v. Rapid Transit Co., 224 Pa. 171.

*Martin M. Harnish,* with him *William R. Harnish,* for appellee, cited: Clunn v. R. R. Co., 39 Pa. Superior Ct. 591; Gibbons v. Wilkes-Barre, etc., St. Ry. Co., 155 Pa. 279; Smith v. Philadelphia Traction Co., 3 Pa. Superior Ct. 129; Davidson v. Traction Co., 4 Pa. Superior Ct. 86; Fairmount & Arch St. Pass. Ry. Co. v. Stutler, 54 Pa. 375; Holmes v. Traction Co., 153 Pa. 152; Redington v. Traction Co., 210 Pa. 648; Rea v. Ry. Co., 221 Pa. 129.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1910:

This is an action of trespass brought by the plaintiff to recover damages for injuries received by him by being struck by one of defendant's cars. The only question that needs consideration here is whether the court below erred in refusing to withdraw the case from the jury and in not directing a verdict for the defendant.

The defendant operates a street railway through the borough of Mount Joy in Lancaster county. It runs an express car over its lines for the purpose of delivering freight and baggage. On the morning of the accident it carried certain freight for the plaintiff who conducts a small grocery store in the borough of Mount Joy. When the car carrying his oranges and bananas reached the intersection of Columbia avenue and South Barbara streets the plaintiff was standing on the pavement awaiting its

arrival. He called to the conductor to know whether he had any freight for him and received an affirmative answer. He told the conductor to put the freight off, but the latter told the plaintiff to bring a wheelbarrow and take the freight from the car. The car had doors in its sides as well as in the ends. The plaintiff took his wheelbarrow to a side door. He stood between the handles of the barrow, and the conductor handed him a box of oranges which he placed on the barrow. The conductor next handed him a crate of bananas which the plaintiff took, and just as he placed it on the barrow the car started and struck him, causing the injuries of which he complains. The car had stopped and was standing on a curve at the time it was discharging the freight. There were windows in the sides of the cars and in the doors. The wheelbarrow was manifestly quite close to the car and, of course, the conductor saw its position and was fully informed as to the proximity of the plaintiff to the car.

The plaintiff was invited by the conductor to approach the car and remove the freight from it, and while he was doing so he was entitled to protection from the conductor in the position in which he was required to place himself for the purpose of receiving the freight. It was the duty of the conductor to give the plaintiff an opportunity, not only to place the freight on the barrow but to remove himself and the barrow so as to prevent a collision with the car, and the plaintiff had a right to rely upon the performance of this duty. It does not appear that he was struck by the car by reason of his having remained in the position in which he was receiving the freight beyond the time that was necessary to complete the transfer of the freight to the barrow. The last box handed the plaintiff by the conductor was being placed on the barrow when he was struck and injured. He, therefore, did not contribute to his injuries by unduly remaining at the place he was receiving his freight. It was his duty, of course, to leave the place and remove his barrow

as soon as he had received the freight, but the evidence fails to show that he was guilty of any negligence in this respect. He occupies the same position as if he had been invited to the body of the car to receive his freight and was alighting from the car with it in his arms and was injured by the premature starting of the car. There could be no question but that the defendant would be liable to the plaintiff for injuries received under those circumstances. The facts of such a case do not differentiate it from those of the present case. In either case, the plaintiff having been invited to receive his freight, it was the duty of the conductor not to move the car until the freight had been delivered and the plaintiff had an opportunity to leave the car.

The conductor is charged with notice of the exact position of the plaintiff in reference to the car. He saw the barrow and saw the man while the freight was being handed out of the door of the car. He also knew that the car was standing on a curve and is presumed to know that the rear of the car might come in contact with the man in the position in which he was placed. It was, therefore, negligence for the conductor to start the car without giving the plaintiff an opportunity to leave it. It is not correct, as contended by defendant's counsel, that the plaintiff "stayed within the radius of a patent danger." The side door of the car was closed and the car was started by the conductor before the unloading of the freight was completed by its being placed on the barrow; hence the plaintiff did not remain within the swing of the car after the unloading of the freight. Had he loitered there his injuries would, under those circumstances, have resulted from his own negligence. But the accident happened by reason of the conductor moving the car before the plaintiff had an opportunity to complete the transfer of his freight to the barrow and remove it from danger. There was no excuse for such action on the part of the conductor. Knowing the proximity of the plaintiff to the car and the consequent danger to him by

moving it on the curve, it was the duty of the conductor to give the plaintiff an opportunity to avoid the danger.

The case was for the jury and was properly submitted by the learned trial judge. There was no error in the answer to points or in the charge, and therefore the judgment will not be disturbed.

The assignments of error are overruled and the judgment is affirmed.