## Wechsler *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railway companies—Car turning corner—Injury to pedestrians—Infant—Contributory negligence:*

1. A street railway company may be liable in damages for injuries to a child caused by his being struck by the projecting end of a street car, in turning a corner, where the motorman observed the boy standing at a street crossing, busily engaged in handing something to a person on the front platform, at a point where he should have known that he would be in danger from the overhang of the car.

2. In such case, the question of the contibutory negligence of the injured boy, who was eleven years of age, was necessarily for the jury, and it was not error for the court to instruct them that he was only bound to conduct himself as a reasonably careful person would have done under the circumstances.

Argued Oct. 21, 1914.   Appeals, Nos. 124 and 125, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., May T:, 1911, No. 191, in case of Frank Wechsler, by his mother and next friend, Fannie Wechsler, and Fannie Wechsler in her own right, v. The Pittsburgh Railways Company.   Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for Frank Wechsler for $2,250, and for Fannie Wechsler for $1,427 and judgment thereon.   Defendant appealed.

*Errors assigned* were instructions to the jury.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Charles H. Sachs,* with him *Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

These two appeals were argued as one case. The actions were, (1) by the mother in her own right to recover for injuries to a minor child, (2) on behalf of the child. The verdict in each case was for the plaintiff, and the defendant appealed.

The accident happened July 10, 1910, when Frank Wechsler, the injured child, was eleven years and two months old; for a week or so prior to that day he had been assisting another boy (who possessed a badge giving him the right to board the cars of the defendant company) in the sale of newspapers; this other lad was on the front platform of one of the defendant's cars, which was at a standstill, and called to Frank to bring him some change; young Wechsler went into the street for this purpose and stood near the front of the car; when he was about to hand up the change, the car started to turn a corner and in some manner it caught one of his feet and knocked him down. It appears that the overhang of the car was so great that, as stated by one of the defendant's own witnesses, "if you were standing on the curbstone at (the corner in question)......you would be struck by that big car moving around there"; further, it appears that the motorman could and did see Frank Wechsler standing only a little over a foot from his car before he started it around the corner.

There was a conflict in the testimony concerning some of the most material facts; but since the verdicts were for the plaintiffs and the evidence was sufficient to that end, we must take the foregoing facts as established. The defendant contends, however, that the "court below erred in charging the jury as to what constituted contributory negligence on the part of the minor plaintiff." The trial judge first said that if the jury believed the in-

jured boy had reached an age of discretion and realized that he had placed himself in a position of danger, "then he took the chance of that car moving while he was standing there"; after this he said, "I do not know but what I put the language of the boy's contributory negligence a little too strong......The measure of his care, even assuming he had arrived at that age at which he is held to be accountable for negligence......is the same measure which I gave you as to the motorman. Would a person, a reasonable, prudent man have acted under those circumstances as he acted? That is the measure of his care." Under the evidence, it is clear that the question of the boy's contributory negligence had to go to the jury, and that, at the utmost, even though he were held to the same rule as an adult, he was only bound to conduct himself as a reasonably careful person would have done under the circumstances; and when analyzed that is practically all the court said. Whether or not the boy possessed sufficient maturity of judgment properly to appreciate the position he was in, and whether or not he took "chances," were not for the court, but were issues to be passed upon by the jury, and we are not convinced of any harmful error in the manner in which they were submitted. The second and final assignment of error complains that the charge failed in that the trial judge did not adequately instruct the jury as to "the relative rights and duties of the motorman and the plaintiff," or as to "the weight of the evidence and number and character of the witnesses"; but, after reading the charge with care, we see no merit in any of these contentions.

None of the cases cited is controlling here, for they are all distinguishable on their facts. In the present case, the car was at a stop, and the minor plaintiff while standing only a little over a foot away was busily employed in handing change to a lad on the front platform; although the motorman saw him thus engaged and must have known about the overhang of his car and the prob-

able effect it would have upon one in the position of the plaintiff, yet, notwithstanding this, he started around the curve. Under the circumstances, the lad had a right to assume that the car would not start, and this distinguishes the case at bar from most of those cited. ·

The assignments of error are overruled and the judgment is affirmed.