# Vogeley *v.* Hay, Appellant.

*Principal and Agent—Agency—Evidence—Sufficiency—Admission of Agent.*

In an action of trespass to recover damages for the negligence of an alleged employee, the case is for the jury, and a verdict for the plaintiff will be sustained, where evidence was produced on the part of the plaintiff that the defendants were in charge of a store as the servants and employees of the defendant, and that, due to their negligence, an explosion of gas occurred on the premises which wrecked, injured and damaged the buildings of the plaintiff.

*Trials—C. P.—Procedure—Right to call for cross-examination—Charge of court—Mis-statement of evidence—Calling attention of Trial Judge.*

The provisions of the Act of 1887, relative to the calling of adverse parties as if under cross-examination, apply to actions in trespass for negligence, as well as to actions in assumpsit.

It is the duty of counsel to call the attention of the Trial Judge to any mis-statement of evidence which he may make. He cannot be permitted under the circumstances to take his chances of a verdict, and, when it is against him, secure a new trial below, or a reversal in the appellate court.

Argued April 22, 1925. Appeal No. 129 April T., 1925, by plaintiff, from judgment of C. P. Butler County, December T., 1922, No. 85, in the case of George Walter Vogeley v. M. R. Hay. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for injuries to real estate. Before HENNINGER, P. J.

From the record it appeared that the defendant had leased a storeroom in the Borough of Tarentum, and had placed in charge thereof his son and nephew. There was also evidence that the defendant's son had turned on the gas, and in striking a match after the gas had accumulated in the cellar, caused an explosion which wrecked the building of the plaintiff and damaged his store and goods.

Verdict for plaintiff in the sum of $2345.27 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and in permitting the defendant, M. R. Hay, to be called as if under cross-examination.

*W. H. Martin,* for appellant.

*Emerson Hazlett,* and with him *Thomas H. Greer* and *John B. Greer,* for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

Plaintiff has a judgment in an action of trespass for injury to his property caused by the negligence of defendant's son.

The first assignment of error is to the overruling of the objection of defendant's counsel to the calling of his client under cross-examination. It is insisted that, because the action is in trespass and might have been begun by a capias, it is not such a civil proceeding as comes within the purview of the seventh section of the Act of May 23, 1887, P. L. 158, which provides that "in any proceeding......a party to the record......or any other person whose interest is adverse to the party calling him as a witness, may be compelled by the adverse party to testify as if under cross-examina-

tion, subject to the rules of evidence applicable to witnesses under cross-examination........'' The contention is as lacking in merit as it is novel. The words "in any civil proceeding" clearly include actions in trespass for negligence. It was plaintiff's right so to call defendant as a witness.

The negligent act complained of was committed by M. C. Hay, defendant's son, in a store which was conducted under the name "Hay's Cut Rate Store." Plaintiff contended that defendant was the proprietor of the store and that his son, M. C. Hay, whose negligence caused the accident, was his responsible agent. Defendant insisted that M. C. Hay and one Humphrey were the proprietors of the store and conducted it in their own right. When defendant was on the witness stand, counsel for plaintiff asked him whether he knew of any application by his son and Humphrey "for a certificate to do business as a fictitious business." Substantially the same question was permitted to be asked of Humphrey, a witness called by defendant. The overruling of the objections to these questions is the subject of the second assignment of error. If M. C. Hay and Humphrey had filed a certificate in accordance with the provisions of the Act of May 10, 1921, P. L. 465, setting forth that they were the persons interested in the business, that fact would have been both relevant and material evidence touching the main question at issue in the case, viz: Were M. C. Hay and Humphrey in charge of the store as servants and employees of defendant, or were they operating it for themselves? Defendant admitted that he operated the store until two days before the accident happened. While the fact that his son and Humphrey had not filed a certificate under the Act of 1921, known as the "Fictitious Name Act," within two days after they claimed to have taken over the store, had little, if any, probative value, we are of opinion that it was not reversible error to admit the testimony.

Under the third assignment it is urged that the learned trial judge erred in that portion of his charge in which he referred to the testimony of a witness called by defendant. As observed, defendant testified that he sold the store to his son and Humphrey on February 23, 1922, two days before the accident. As corroborating that testimony he offered in evidence two promissory notes of that date which he said represented the consideration for the store. In further corroboration of the sale a witness, Viola Carlson, was called. In referring to the testimony of this witness in his charge, the learned judge said that the witness said "she saw the notes executed and heard the bargain made, that is, heard them arrange for the sale of the store. On cross-examination however as we recollect her testimony, she says that she was not present when the notes were signed but that she saw them some time after they were signed. She does not fix the exact time she saw them. If she was present when the notes were signed and the bargain for the store made between M. R. Hay and Marion C. Hay and Humphrey, and saw the notes executed and heard the bargain, her testimony is very important to corroborate the defendant and his witnesses, but if she is testifying simply to what was told her afterwards, or of having been shown the notes some time after they were executed, her testimony may be of little or no value to you in deciding the main question of this case, depending on when and how she got her information and when she saw the notes, you must recollect what her testimony was." While the court's recollection of the testimony of the witness was not strictly accurate, we are not convinced that anything he said in respect to it amounted to reversible error, particularly in view of the instruction at the close of the charge that the jury must depend upon its own recollection of the testimony of the witnesses, that the court's recollection must be disregarded if it did not correspond with the

recollection of the jury, and in view of the inquiry addressed to counsel whether any matter had been overlooked. Counsel for defendant made no suggestion or complaint. It was the duty of counsel for defendant to call the attention of the trial judge to any misstatement of the evidence which he had made. He cannot be permitted under the circumstances to take his chances of a verdict and when it is against him secure a new trial below or a reversal here.

All of the assignments of error are overruled and the judgment is affirmed.