# Rothkugel *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Duty of motorman—Degree of care—Contributory negligence—Knowledge of danger—Case for jury.*

In an action of trespass to recover damages for personal injuries, there was evidence that the plaintiff was standing on the sidewalk

at a street corner, while waiting for a trolley car to pass. As the car turned the corner the rear platform projected over the sidewalk, striking the plaintiff and hurling him to the ground. The plaintiff was visible to the motorman, who sounded no warning.

In such case the motorman knew, or should have known, the danger and was bound to show ordinary care. There was sufficient evidence of his negligence to sustain a verdict against the defendant.

Where the evidence established that the plaintiff saw the car approaching, but had no knowledge that the rear end would, in turning the corner, project over the sidewalk where he stood, the question whether he was bound to know that he was in a position of danger and his consequent contributory negligence was for the jury.

*Loss of earnings—Evidence—Admissibility—Memorandum to refresh memory.*

A verdict of fifteen hundred dollars will not be set aside as exorbitant where the plaintiff was earning over one hundred dollars per week and the injuries which he sustained were of a severe nature.

In testifying as to his earnings it was proper to refresh his memory from memorandum which he had made.

Argued October 6, 1927.   Appeal No. 52, October T., 1927, by defendant from judgment of M. C. Philadelphia County, July T., 1925, No. 643, in the case of Isadore Rothkugel v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GLASS, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of plaintiff in the sum of fifteen hundred dollars and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of motion for judgment non obstante veredicto.

*Philip Wallis,* and with him *J. J. K. Caskie,* for appellant.

*Bryan A. Hermes,* for appellee.

OPINION BY. TREXLER, J., December 15, 1927:

This was an action of trespass brought by the plaintiff against the defendant to recover damages as a result of injuries alleged to have been sustained by him through the negligent operation of one of defendant's trolley cars. The plaintiff was standing at a street corner. He noticed a trolley car approaching and being about to cross the street, stood still on the sidewalk to give the car an opportunity to pass. His position was two feet from the curb of the street upon which the car approached and five feet from the curb on the transverse street. The trolley car stopped and discharged and received passengers and then continued along the street, turning into the cross street. In so doing, the rear end of the trolley car projected over the sidewalk and struck the plaintiff, hurling him to the ground. The accident occurred in broad daylight. The plaintiff could have seen the car and the motorman could see the plaintiff. The motorman sounded no warning to the plaintiff who, while waiting to cross, was reading his newspaper.

There was sufficient evidence in the case to carry a verdict against the defendant as to the motorman's negligence. The plaintiff was clearly visible to the motorman. He certainly knew, or should have known, that in turning the corner, the rear end of the car would pass over the curb-line and the jury might well find that common prudence would dictate that when he passed into an area which ordinarily is not entered by street cars, he would proceed cautiously and give a warning.

Did the plaintiff contribute to the accident by his negligence? He had the lawful right to be on the sidewalk which was for the use of pedestrians. It is true, he saw the car approaching, but stated that he did not have the knowledge that in turning the corner the rear

end would sweep over the sidewalk where he stood. It was a question of fact for the jury to determine whether he was bound to the knowledge that the over-hang of the trolley car would reach the place where he was standing or that the likelihood of its doing so would put upon him the duty of moving to a more se-cure place. As stated by the lower court, the jury, in its verdict, concluded that any ordinarily prudent per-son would have done the same as the plaintiff did.

The conclusion of the learned trial judge in refusing a new trial is well supported by the cases which he cites: Fritch v. Pittsburgh Railways Co., 239 Pa. 6; Wechsler v. Pittsburgh Railways Company, 247 Pa. 96; Thiesen v. Pittsburgh Railways Company, 256 Pa. 475. In the Fritch case it was contended that there was no negligence on the part of the defendant and that there was contributory negligence on the part of the plaintiff who in that case had placed his foot outside the curb. The comment of Justice ELKIN is opposite: "The situation demanded a high degree of care on the part of the street railway company in the operation of its cars while swinging around the curve. This is es-pecially true because in making the curve the fender of the car not only covered the entire cartway of the alley, but extended two or three inches over the curb of the pavement. Pedestrians have the unquestioned right to make use of the pavement without fear of being injured by the operation of the cars of a street railway company upon the cartway of the street or alley. Appellee was not familiar with the operation of cars at the place of accident, and had no reason to anticipate the danger to which he was subjected. He was not bound to foresee that the fender of the car would sweep the entire alley and extend out over the curb. On the other hand, appellant knew the situation and either did anticipate the danger to pedestrians, or should have done so, and thus a very high degree of care was required under the circumstances."

In the Wechsler case the opinion was written by Justice Von Moschzisker. There the boy who was injured, a minor plaintiff, was standing a little over a foot away from the car which had come to a stop and was handing change to a lad on the front platform. The motorman saw him thus engaged and started around the curve. The boy was caught by the overhang. It was there held that the lad had the right to assume that the car would not start.

In the Thiesen case, Justice Walling comments upon the "fact that it [the car] was covering a considerable portion of a public walk and coming within a few inches of a large iron pole standing thereon......that the motorman saw plaintiff before the car had passed, and knew much better than she that the rear end of the car would cover the walk as it rounded the curve."

These cases support the view that a pedestrian has the right to make use of the pavement under ordinary conditions without fear of being injured by the operation of the cars of a street railway company. As a matter of law in the present case, it cannot be said that the plaintiff had reason to anticipate the danger to which he was subjected. He was not bound, unless the fact had come into his knowledge beforehand or he was charged with such knowledge by reason of the palpable effect of the turning of the car, to foresee that the overhang of the car would sweep the sidewalk and whether he exercised reasonable care under the circumstances was plainly a matter for the jury.

There is complaint that there is no competent evidence to sustain the amount of the verdict as there was no proper proof of the loss of earnings of the plaintiff. At the time of the accident, the plaintiff was employed in what he termed "adjusting and collecting," working on a commission basis. He stated that he averaged at that time about $98.00 for the week prior to the accident, $122.00 the second week prior thereto and $104.00 the third week prior to that. He was at home

as the result of the accident, three weeks, fourteen days of which he was bedfast. He testified that his injury was severe and required his body to be bandaged and disturbed his ordinary functions and caused him constant pain, some of the effects of the accident being still present at the time of the trial. He testified to a doctor bill of $60.00 and other costs incident to his sickness. The verdict for the plaintiff in the sum of $1500.00 was not exorbitant. The period in which the earning capacity of the plaintiff was shown was not remote from the time of the accident. His subsequent statement, elicited upon cross-examination, that the sums per week which he told he had earned prior to the accident were not within his recollection, but were ascertained by consulting a memorandum which he had, did not render his testimony incompetent. There was no motion made to strike out the testimony and if there had been, we see no reason why the plaintiff should not have refreshed his memory by consulting a memorandum which he had made. We think the case was properly tried and that the matters involved were for the jury.

The judgment is affirmed.