# Duffy, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways—Passenger—Alighting from car— Presumption of negligence from accident — Contributory negligence—Nonsuit.*

1. In an action against a street railway company for personal injuries, a nonsuit is properly entered where it appears that the plaintiff, a woman and a passenger, alighted through the folding doors at the center of a car, when it had stopped on a curve, and instead of walking away from where she alighted, walked towards the rear end of the car around the curve, and was struck by the overhang of the car which swung out about three feet.

2. In such case, when plaintiff was safely landed in the cartway, with ample opportunity to step away from the car and out of danger, she ceased to be a passenger; and consequently there was no presumption of negligence from the accident itself.

3. That a street railway car in rounding a curve will overhang the track is a matter of common knowledge of which it is unnecessary to warn passengers or pedestrians.

Argued December 6, 1927.    Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart and Sadler, JJ.

Appeal, No. 290, Jan. T., 1927, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1923, No. 4455, refusing to take off nonsuit, in case of Mary E. Duffy v. Philadelphia Rapid Transit Co.    Affirmed.

Trespass for personal injuries.    Before Davis, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off.  Plaintiff appealed.

*Error assigned,* inter alia, was refusal to take off nonsuit.

*J. T. Manning,* of *Acker, Manning & Brown,* for appellant.—Defendant street railway company was required to give plaintiff a reasonable opportunity to leave the place at which plaintiff was discharged from defendant's trolley car: Bockelcamp v. R. R., 232 Pa. 66; Englehaupt v. R. R., 209 Pa. 182; Machen v. Ry., 13 Pa. Superior Ct. 642; Wechsler v. Ry., 247 Pa. 96; Schmidt v. Transit Co., 253 Pa. 502; Sieb v. Traction Co., 47 Pa. Superior Ct. 228; Theisen v. Ry., 256 Pa. 475.

There is sufficient evidence to go to a jury that the employees of defendant in charge of the trolley car started the car without giving the plaintiff a reasonable opportunity to leave the place where she alighted: Penna. R. R. v. Kilgore, 32 Pa. 292; Holland v. Kindregan, 155 Pa. 156.

*John V. Lovitt,* and *Wm. M. Stewart, Jr.,* with them *J. J. K. Caskie,* for appellee.—A nonsuit was proper: Swink v. Transit Co., 277 Pa. 220; Hoffman v. Transit Co., 214 Pa. 87; Nikl v. Ry., 72 Pa. Superior Ct. 11.

OPINION BY MR. JUSTICE WALLING, January 3, 1928:
Sixty-seventh Street, extending through Philadelphia in a northerly and southerly direction, is crossed at right angles by Lansdowne Avenue and defendant's double track street railway going north in the former turns west into the latter.  The customary stop for outbound cars was at the southeast corner of the intersection, but at the time in question, Sixty-seventh Street being torn up, the stop was made on the curve.  This enabled passengers to alight in the paved cartway which was intact on the north side of Lansdowne Avenue.  On the evening of June 3, 1923, plaintiff, a woman fifty-seven years of age, and a passenger on one of defend-

ant's outbound cars, alighted therefrom at its stop on this curve. The folding doors, through which she passed were at the center of the car and after she stepped upon the pavement were closed and the car started forward around the curve in Lansdowne Avenue. In place of stepping away from the car, plaintiff walked toward its rear end, and was struck and injured by the overhang which swung out about three feet, as it rounded the curve. Plaintiff was accustomed to ride on this line and was familiar with the crossing and the stop. There was nothing present to distract her attention or prevent her from stepping away from the track. The trial court granted a compulsory nonsuit, and, from the order of the court in banc discharging the rule to take off the same, plaintiff brought this appeal.

The action of the court was free from error. However "the state of the record requires the testimony of the plaintiff, with all proper inferences deducible therefrom, to be construed in the light most favorable to her, but it is still for the court to say if, taken as true, actionable negligence by defendant has been shown": Scanlon v. P. R. T. Co., 208 Pa. 195; Low v. Harrisburg Rys. Co., 290 Pa. 365, 368. When plaintiff was safely landed in the cartway, with ample opportunity to step away from the car and out of danger, she ceased to be a passenger: Perret et ux. v. George et al., Receivers, 286 Pa. 221, 224. The contention that she was struck before having time to step aside is untenable; one, or two steps at most, from where she alighted would have placed her beyond the swing of the car. These she certainly had time to take while the car doors were closed and the car started and moved some twenty feet. That instead of stepping away she walked back near the track, as the testimony of the only eye witness clearly shows she did, was a situation which those in charge of the car were not bound to anticipate or guard against. They were bound to afford her time and opportunity to alight, but not bound to continue stationary to see in which direc-

tion she would go. Plaintiff is unable to give any account of how the accident happened. Her injury did not result from any defect in the means of transportation, so, whether treated as a passenger or pedestrian, the accident created no presumption of negligence: Swink et ux. v. Phila. Rapid Transit Co., 277 Pa. 220; Hoffman v. Phila. Rapid Transit Co., 214 Pa. 87. Furthermore, there was neither averment nor proof that the conductor or motorman saw her after she left the car and the record contains nothing to suggest that either was in any manner responsible for the accident. That a street car in rounding a curve will overhang the track is a matter of common knowledge of which it is unnecessary to warn passengers or pedestrians. See Gannaway et ux. v. Puget Sound Traction Light & Power Co. (Wash.), 138 Pac. 267, where the controlling facts are not unlike the case in hand.

None of the cases cited for appellant is parallel to the one in hand. In Theisen v. Pittsburgh Rys. Co., 256 Pa. 475, the car coming suddenly in view passed around a curve by which the overhang struck plaintiff while on the sidewalk and her efforts to escape were thwarted by a large iron pole which defendant had placed in the walk. In Weschler v. Pittsburgh Rys. Co., 247 Pa. 96, a boy eleven years of age, whose perilous position was known to those in charge of the car, was run down and injured. In Englehaupt v. Erie R. R. Co., 209 Pa. 182, after calling the station, the train was stopped short of it and, plaintiff alighting in the dark and without warning, was injured by falling into the river. In Bockelcamp v. L. & W. V. R. R. Co., 232 Pa. 66, P. R. R. Co. v. Kilgore, 32 Pa. 292, and Machen v. R. R. Co., 13 Pa. Superior Ct. 642, passengers were injured by premature starting of the cars before they had time to alight. None of appellant's other citations or contentions requires special mention.

The order overruling the motion to take off the nonsuit is affirmed.