Lyons et ux. *v.* Pittsburgh Railways Co.,
Appellant.

Argued October 2, 1930. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*D. H. McConnell*, with him *J. R. McNary*, for appellant.

*Thomas M. Marshall, Jr.*, with him *Henry X. O'Brien*, for appellee.

OPINION BY MR. JUSTICE WALLING, November 24, 1930:

The plaintiffs, Mr. and Mrs. James H. Lyons, brought this suit to recover for personal injuries sustained by reason of the alleged negligence of the defendant, and, from judgments entered upon verdicts in their favor, the defendant has appealed. The record discloses no error. On the afternoon of August 3, 1928, plaintiffs were passengers on defendant's car in Balph Avenue, and alighted therefrom at its regular stop at the intersection of Lincoln Avenue, Bellevue. There was a ten-foot cartway between the track and the curb partially occupied by a row of automobiles, headed in the same direction as the street car, which had stopped pursuant to a traffic signal. This stop was at the beginning of a curve, and in swinging around it as the car moved forward its rear end overhung some three feet of the ten-foot cartway. Plaintiffs, who had just alighted and whose way to the curb was temporarily blocked by the automobiles, were knocked down and injured by this movement of the street car. They were the last passengers to leave the car at this stop and were in reality caught between this overhang of the car and the automobiles standing opposite. The facts appeared from the

testimony of the plaintiffs and of a Mr. Longabaugh, who was driver of one of the automobiles. The conductor was the only witness called by the defense and he largely corroborated the other witnesses except that he thought plaintiffs had left the car some thirty seconds before the accident, while the other evidence was that they had just stepped therefrom.

They left the car at the front end in view of the motorman, who could also see the automobiles in the cartway and of course knew that in starting forward around the curve the rear of his car would cover a portion of the cartway. Hence, the care he should have exercised for the safety of passengers might have prompted him to wait until they had reached a place of safety. His failure to do so justified a finding of negligence. It was defendant's duty not only to carry plaintiffs safely but to afford them an opportunity to alight and pass out of danger. See Bockelcamp v. L. & W. W. R. R. Co., 232 Pa. 66; Englehaupt v. Erie R. R. Co., 209 Pa. 182. That the drivers of the automobiles which obstructed plaintiffs' path may also have been at fault did not excuse the motorman. In Duffy v. P. R. T. Co., 291 Pa. 564, plaintiff was denied redress because, after alighting from the car, she voluntarily walked near the track when she could and should have stepped away, while in the instant case the automobiles prevented plaintiffs from so doing.

There is no merit in the complaint that the charge was unfair and inadequate, for it was neither. That the trial judge dwelt more on plaintiffs' evidence was inevitable, for the proof was practically all on that side. He repeatedly mentioned the question of contributory negligence, but the adequacy of his charge thereon is unimportant as the record discloses no evidence of such negligence. Plaintiffs were justified in leaving the car, as it was their home stop, and were not bound to anticipate that the motorman would so negligently go forward as to do them harm. They were elderly people and did

not have the agility of youth, but that they were negligent in any respect does not appear.

Complaint is made of some inaccuracy in the trial judge's reference to the testimony of Longabaugh as to the speed at which the street car started forward. Defendant's counsel took a general exception to the charge and also to, "that part of the charge with relation to Mr. Longabaugh's testimony." Then the trial judge asked, "What is there about Mr. Longabaugh's testimony?" Counsel replied, "The court's statement as to the position of his car." Then, if ever, was the time for counsel to call the judge's attention to his alleged error in relation to the testimony of this witness as to the speed of the street car; having failed to avail himself of the opportunity, he cannot now complain. See Goldenberg v. Weisbrod, 297 Pa. 591; Broomall v. P. R. R. Co., 296 Pa. 133; Lerch v. Hershey Transit Co., 255 Pa. 190; Kuntz v. R. R. Co., 206 Pa. 162; Vogeley v. Hay, 86 Pa. Superior Ct. 266.

The trial judge was within his rights in interrogating a witness and it was done as it should be without any show of bias. See Com. v. Myma, 278 Pa. 505. Furthermore, there was no objection or exception taken to the questions asked by the judge. The matter of a new trial was for the lower court's discretion, which, so far as the record discloses, was properly exercised.

The judgments are affirmed.