Lasater *v.* Conestoga Traction Co., Appellant.

Argued January 13, 1932. Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*John E. Malone,* and *Zimmerman, Myers & Kready,*
for appellant.—Appellee is not entitled to recover be-

cause she was guilty of contributory negligence: Duffy v. Transit Co., 291 Pa. 564; Hoffman v. Transit Co., 214 Pa. 87.

Appellee is not entitled to recover because the evidence failed to show that the defendant was guilty of negligence: Galvin v. Kreider, 293 Pa. 395.

*Willis G. Kendig,* for appellee, cited: Hauenstein v. Traction Co., 229 Pa. 128; Lyons v. Rys., 301 Pa. 499; Raskus v. Rys., 302 Pa. 34.

OPINION BY MR. JUSTICE MAXEY, March 14, 1932:

At 3:45 p. m., June 10, 1929, the plaintiff, a woman sixty-one years of age, entered Penn Square, Lancaster, for the purpose of boarding a Duke Street car operated by the defendant. This car enters Penn Square from the east on a curved track and leaves the square on the north. There are two parallel curved tracks which join the eastern approach to the square with the northern exit from the square and between these tracks there is a crescent shaped platform which is customarily used by the defendant as a place for receiving and discharging passengers from its cars. The Duke Street car arrived in the square and stopped at a point on the inside track, there being at the time a car of the defendant company standing on the outside track about four feet away. This was the Coatesville car. The Duke Street car is of the "one man" type. The Coatesville car on the outside track was a suburban car considerably longer than the Duke Street car. When the Duke Street car stopped the motorman opened the doors discharging and receiving passengers. The passengers alighted, passed along the south side of the crescent platform nearest the car, and the waiting passengers numbering about fifteen or twenty approached the front of the Duke Street car from the rear along the north side of the platform, that is, nearest to the suburban car, which was standing on the outer track. The plaintiff was among these passen-

gers. Her mother, aged 83, accompanied her. The plaintiff testified that she reached the point on the platform near the front entrance of the Duke Street car where there was a clearance estimated by her as being two feet between that car and the Coatesville car on the outer track. Plaintiff claimed that as she was about to board the Duke Street car, the car on the outer track started without any warning that she heard and, as it swung around, the rear corner of it crashed against her hip, fracturing the right femur and pelvic bones, knocking her over and causing other substantial injuries, all of which are detailed in the record. She denied that she passed in front of any car at that point while it was moving. She testified that the other passengers all had boarded the Duke Street car before the mishap to her, that the surging of the crowd delayed her entrance, and that she was in a safe position until the outer car started. The defendant contended that at the time and place stated the plaintiff was standing on the platform between the tracks with the opportunity to step away from the moving Coatesville car and out of danger yet did not do so, but instead got in the way of this car although ample warning of its movement was given. It is contended that she stood at a place where she knew the overhang of the car was likely to hit her and that she was chargeable with contributory negligence in not taking herself out of the danger then imminent. Plaintiff stresses the argument that the defendant company by its servants was negligent in starting its suburban car before the boarding platform was clear of passengers, that its conductor was bound to know that the rear end of his car was swinging toward the Duke Street car as it passed over the segment of the curved platform where she was and that she herself exhibited no want of due care.

The case was submitted to the jury and a verdict was returned in favor of the plaintiff in the sum of $3,147.70. Motions for judgment n. o. v. and for a new trial were

made. The court below discharged the rule for a new trial and denied defendant's motion for judgment n. o. v. The defendant took an exception to the overruling of appellant's motion of judgment n. o. v. and has assigned the same for error. The case now comes before us on appeal from the refusal to enter judgment n. o. v.

On a motion for judgment n. o. v. plaintiff is entitled to the benefit of all facts and inferences of fact fairly arising from the evidence. Viewing the facts and inferences in a light most favorable to the plaintiff the court was justified in submitting the question to the jury whether or not the motorman of the Coatesville car exercised due care under the circumstances in starting his car while persons were on the narrow platform and whether or not plaintiff herself was negligent. The fact that the plaintiff was accompanied by her aged mother and consequently could not move with the celerity with which she could have moved had she been alone and the fact that there were fifteen or twenty people attempting to board the car, thereby delaying her entrance into the car, were facts to be weighed by the jury.

In Hauenstein v. Conestoga Traction Co., 229 Pa. 128, this court held that the case was for the jury where it appeared that a plaintiff was invited by the conductor of one of the company's cars which had stopped at a curve, to approach the car with a wheelbarrow and remove his freight and the evidence tended to show that the plaintiff was struck by the swing on the curve of the starting car. In that case Justice MESTREZAT said, "Knowing the proximity of the plaintiff to the car and the consequent danger to him by moving it on the curve, it was the duty of the conductor to give the plaintiff an opportunity to avoid the danger."

In Lyons et ux. v. Pitts. Rys. Co., 301 Pa. 499, this court held that the failure of a street car conductor to delay the starting of his car until his passengers on leaving the car had reached a place of safety justified a finding of negligence.

In the case before us the fact which was easily observable, that the plaintiff was piloting a woman 83 years of age in a space between the two street cars, which space was 2½ feet wide at its narrowest point and 4 feet 1 inch wide at its widest point, made it incumbent upon the defendant's servants in charge of those cars to have a care not to start either of them until the plaintiff and the aged woman with her were safely in the car they were obviously intending to board. To start a car on a curve while one or more persons are on a narrow platform between that car and another car is to invite just such an accident as happened here. It cannot be held as a matter of law that a woman sixty-one years of age accompanied by her mother eighty-three years of age and in ill health (as plaintiff described her) and who has just been jostled by a surging crowd is chargeable with contributory negligence because she did not have the agility to board that car sooner or otherwise avoid the swinging end of the moving car on the outer track. This is clearly not one of those cases which the court is justified in withdrawing from the jury because the facts are unequivocal and because the inferences from the facts are so logically incontestible that all reasonable men in the exercise of a fair and impartial judgment must agree upon them.

All the assignments of error are overruled and the judgment is affirmed.