## Fittipaldi, Appellant, v. Phila. Rural Transit Co.

386

Argued October 6, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-ham, Baldrige, Stadtfeld and Parker, JJ.

*Cecil P. Harvey*, of *Horenstein, Feldman & Harvey*, for appellant.

*Jay B. Leopold*, and with him *Bernard J. O'Connell*, for appellee.

Opinion by Cunningham, J., December 16, 1932:

Plaintiff has appealed from the refusal of the court below to take off a nonsuit entered by the trial judge in her action of trespass wherein she charged that injuries to her left foot and hip, suffered on the evening of October 1, 1930, were caused by the negligent opera-tion of defendant's autobus, then in charge of one of

its drivers. The only testimony describing the accident was that of the plaintiff and this appeal must therefore be disposed of upon her own testimony, construed in the light most favorable to her and giving her the benefit of all proper inferences deducible therefrom.

Plaintiff had been a passenger on the bus and was injured after having alighted, through the right-hand front door, by being struck by the rear of the bus as it was turning a corner to proceed upon its way. The route of the bus was east on Fillmore Street, Philadelphia, to the intersection of that street with Huntingdon Pike. The regular stopping place was at the southwest corner of these streets, which point was also the end of the trip; in leaving there the bus turned around the corner, to the right, i. e., south into Huntingdon Pike, and then made a semicircle to the left, in the intersection, in order to begin the return trip westerly on Fillmore Street. Plaintiff testified she had frequently been a passenger upon this route, was accustomed to alight at this stop, and was familiar with the manner in which defendant's drivers operated its buses at this intersection. Her testimony on this point reads: "Q. What was the custom as to stopping the bus at Huntingdon Pike? A. They usually stop and some of them stop for a few minutes to make out their record—report, rather. Sometimes, they don't. I thought he [the driver of the bus by which she was injured] was going to stop there for awhile. Q. You say sometimes they stop to make out their report? A. Yes, sir. Q. And then would go around the corner? A. Yes, sir." She gave this account of the accident: "I got off the bus, turned around to see whether the driver would allow me to go across, some of them do stop and allow you to go in front of the bus across the street, but he was ready to go and I stepped back as quick as I could, the first thing I know I was caught in some way by

the back part of the bus, turned around and thrown and when I came to my senses my shoe was off and my stocking was torn off.'' On direct examination she also stated that the bus stopped about the middle of Fillmore Street, near the west side of Huntingdon Pike and that the distance from the door through which she alighted to the south curb of Fillmore Street, was ''about six or eight feet.'' On cross examination, and after having stated she was struck by ''the back end of the right side'' of the bus, her testimony continued: ''Q. And as you were standing there how far away from the side of the bus were you standing? A. Why, I had stepped back toward the curb. I thought I was back far enough and I wasn't because I ...... Q. You were not back to the curb? You were still out in the street? You stepped back toward it but had not gotten to it? A. I stepped back as quickly as I could but this happened so suddenly I don't know how it happened.''

We have quoted all the material testimony bearing upon the occurrence and are of opinion that the entry of the nonsuit was fully warranted; plaintiff's testimony not only fails to afford any proper basis for an inference of negligence upon the part of defendant's driver, but, indeed, shows affirmatively that her injuries were caused by her own negligence. The application to her testimony of the principles of law stated by our Supreme Court in the case of Duffy v. Philadelphia Rapid Transit Company, 291 Pa. 564, compels the conclusion that this nonsuit was properly entered. In that case a woman passenger alighted through the folding doors at the center of a trolley car when it had stopped on a curve, and, instead of walking away, proceeded around the curve toward the rear of the car and was struck by its overhang. Counsel for plaintiff stress the duty of a common carrier of passengers, inter alia, to exercise the highest practical degree of care in affording them a safe means of egress from the

vehicle of transportation. Defendant's counsel concede this obligation, but direct attention to the fact that in this case, as in the Duffy case, plaintiff had been safely landed in the cartway of the street, with ample opportunity to step away from the vehicle and out of danger, so that she was no longer a passenger. The only inferences which can reasonably be drawn from her testimony are, that, after alighting in the cartway, instead of stepping toward and upon the nearby sidewalk and thereby taking a position of safety, she, in her own words, "turned around" to ascertain whether the driver was stopping to make out his report (in which event she intended to pass in front of the bus to the sidewalk on the north side of Fillmore Street) and although she saw "he was ready to go," did not even then step from the cartway to the sidewalk but merely "stepped back toward the curb" to a position which she mistakenly thought "was back far enough." There is no suggestion in this case that plaintiff's injuries resulted from any defect in the means of transportation; therefore, as stated in the Duffy case, the happening of the accident created no presumption of negligence, whether plaintiff be considered as a passenger or pedestrian. As the bus moved forward and around the corner into Huntingdon Pike, she remained standing in the cartway at a point which she had selected as a safe place to stand. The event proved she had been mistaken in her judgment, but defendant cannot be held liable for such mistake upon her part.

We are all of opinion that the cause of plaintiff's regrettable injuries was her own lack of care under the circumstances.

Judgment affirmed.