## Jamieson *v.* Pittsburgh Railways Co.

Argued October 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellant.—There was no evidence that the accident was caused by the negligence of defendant: Duffy v. P. R. T. Co., 291 Pa. 564.

The medical evidence in the case is ambiguous and contradictory, and does not sustain the verdict.

*James J. Lawler,* for appellee.—The case is governed by Lyons v. Rys., 301 Pa. 499.

PER CURIAM, November 28, 1932:

Plaintiff was struck by a car of defendant company and sued to recover damages for injuries sustained. The jury returned a verdict for plaintiff in the amount of $5,000, which was reduced to $3,000 by the court, which latter sum plaintiff accepted. Upon refusal of its motions for judgment non obstante veredicto and for new trial defendant appealed.

The accident occurred at the intersection of North Euclid Avenue and Bunkerhill Street in the City of Pittsburgh, August 6, 1928, at 5:30 P. M. Euclid Avenue ends at this corner. Running northwardly on Euclid Avenue, the car line, which consists of one track, curves sharply to the left into Bunkerhill Street. On the day of the accident, the street was torn up at the regular car stop, due to repairs being made. Planks had been placed on the roadway and a barrier erected to protect users of the street from falling into the excavated

portion. Plaintiff alighted from the car, but found her way to the sidewalk blocked by the excavation. Before she was able to reach a place of safety, the car started and she was struck by the overhang in making the turn, and was knocked down, sustaining a severe injury to her sacroiliac joint, as well as cuts and bruises.

We are unable to agree with defendant's contention that no negligence on the part of the railway company was shown. It is certainly negligence to discharge passengers from a street car at a curve, especially at a time when the street at that point is under repair and it is obvious to the employees having control of the car that the overhang in making the turn may force passengers into a position of immediate danger. It was the duty of the conductor to allow the passenger ample time to reach a place of safety before signalling the motorman to start the car; this he failed to do: Lyons v. Pbg. Rys. Co., 301 Pa. 499; Lasater v. Conestoga Traction Co., 306 Pa. 500.

Defendant also assigns as error a discrepancy in the medical testimony as to whether the principal injury received by plaintiff was on the right or left side of her body and argues that the verdict cannot be sustained in the light of this ambiguity. This contention is without merit. The difference in the testimony is not fundamental. Both doctors agreed that plaintiff suffered a serious injury as a result of the fall, and whether the bodily impairment is on the right or left side is of no moment. In view of the medical expenses incurred, the loss of wages, the pain and suffering, and the impaired physical condition of plaintiff, we do not consider the reduced amount of $3,000, accepted by plaintiff, excessive.

The order of the court below is affirmed.