# Fritch *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Contributory negligence—Alley.*

Where a street railway company has constructed tracks on an alley with a cartway twenty-two feet wide, and with one pavement only, less than three feet wide, it must in operating its cars on a curve entering such alley exercise the highest care, and this is especially so where it appears that the ·fenders of its cars in rounding the corner covered not only the entire cartway, but extended two or three inches over the curb of the pavement. If a pedestrian not familiar with the locality steps from the pavement on to the cartway so as to make room for another person, and puts only one foot on the cartway within a couple inches of the curb, and in such position is struck and injured by a car rounding the curb behind him, he is entitled to have his case go to the jury, and a verdict and judgment in his favor will be sustained.

Argued Nov. 1, 1912.    Appeal, No. 224, Oct. T., 1912, by defendant, from judgment of C. P. No. 4, Allegheny Co., First Term, 1909, No. 351, on verdict for plaintiff, in case of Joseph A. Fritch v. Pittsburgh Railways Company.    Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before COHEN, J.

At the trial it appeared that plaintiff was injured on August 24, 1907, under circumstances described in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,565.00.    Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant, and in refusing motion for judgment for defendant n. o. v.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—There was no negli-

gence: Keller v. Ry. Co., 214 Pa. 82; Goshorn v. Smith, 92 Pa. 435; Kline v. Trac. Co., 181 Pa. 276; Chilton v. Trac. Co., 152 Pa. 425; Miller v. Trac. Co., 198 Pa. 639; Sontgen v. Kittanning & Ford City St. Ry. Co., 213 Pa. 114; Flanagan v. People's Pass. Ry. Co., 163 Pa. 102; Fleishman v. Neversink Mountain Ry. Co., 174 Pa. 510; Funk v. Trac. Co., 175 Pa. 559; Pletcher v. Scranton Trac. Co., 185 Pa. 147; Moss v. Phila. Trac. Co., 180 Pa. 389; Callary v. Easton Transit Co., 185 Pa. 176.

The contributory negligence of plaintiff was the proximate cause of the accident: Harris v. Ice Co., 153 Pa. 278; Baker v. Fehr, 97 Pa. 70; Dennison v. North Penn Iron Co., 22 Pa. Superior Ct. 219; Osterheldt v. Peoples, 208 Pa. 310; Hoffman v. Rapid Transit Co., 214 Pa. 87; Pittsburgh Ry. Co. v. Cluff, 149 Fed. Repr. 732.

*L. K. Porter,* with him *S. G. Porter,* for appellee.— This was not a crossing case and the plaintiff occupied the same relation to the motorman as he would have done if he had been driving a vehicle in front of the car. The car coming up behind was bound to give him notice. The failure to do so was negligence: Woelfel v. Railway Company, 183 Pa. 213; Reid v. Traction Co., 26 Pa. Superior Ct. 55; Mittleman v. New York City Ry. Co., 107 N. Y. Supp. 108.

OPINION BY MR. JUSTICE ELKIN, January 6, 1913:

There are but few material facts in this case. Cecil avenue intersects two principal streets in a crowded section of the city. It is a narrow thoroughfare, about twenty-two feet wide, and upon its surface are laid double tracks of the street railway company. At the side of the alley close to the adjoining buildings is a pavement less than three feet in width. Appellee, with a suit case in his hand, was walking at the side of his daughter along the narrow pavement. Another pedestrian walking behind desired to pass, and in order to make room for this person who was walking in the same

direction, appellee put one foot outside the curb, but within a couple of inches of it, upon the surface of the alley. While in this position, a car operated by appellant company, swinging around the curve, approached from behind, caught the leg of appellee near the ankle just as he was in the act of raising his foot to the pavement, and inflicted the injuries for which damages are sought to be recovered in this action. The fender of the car in making the curve swung over the curb two or three inches at or very close to the place of the accident. It was the fender that struck appellee and caused the injuries about which complaint is made. At the trial appellant elected to stand upon the case made out by appellee and offered no evidence. Binding instructions for defendant were asked and refused, and subsequently a motion for judgment non obstante veredicto was also overruled. These refusals are made the subject of the two assignments of error upon which appellant asks a reversal. In this state of the record all facts established by the testimony must be given full force and effect. Are they sufficient to make out a case of negligence against appellant? If so, it was the province of the jury to pass upon them. The learned court below took this view of the case and carefully submitted the questions of negligence, and of contributory negligence, to the jury. There is no complaint as to the manner of submission, but it is strongly urged that the evidence did not disclose any negligence for which appellant is answerable in damages under the law. It is further contended that even if the evidence was sufficient to show negligent operation of the car, appellee could not recover because of his contributory negligence in placing his foot outside the curb. We cannot accept this as the correct view to be taken of the facts and circumstances of this case. The situation demanded a high degree of care on the part of the street railway company in the operation of its cars while swinging around the curve. This is especially true because in making the curve the

fender of the car not only covered the entire cartway of the alley, but extended two or three inches over the curb of the pavement. Pedestrians have the unquestioned right to make use of the pavement without fear of being injured by the operation of the cars of a street railway company upon the cartway of the street or alley. Appellee was not familiar with the operation of cars at the place of accident, and had no reason to anticipate the danger to which he was subjected. He was not bound to foresee that the fender of the car would sweep the entire alley and extend out over the curb. On the other hand, appellant knew the situation and either did anticipate the danger to pedestrians, or should have done so, and thus a very high degree of care was required under the circumstances. The learned trial judge could not as a matter of law declare that appellant was not negligent, or that appellee was guilty of contributory negligence without invading the province of the jury. Under the facts, both questions were for the jury, and they were so submitted. We have examined with care Keller v. Company, 214 Pa. 82; Hoffman v. Rapid Transit Co., 214 Pa. 87; and other cases cited by and relied upon by learned counsel for appellant, but have not been convinced that they are authority for the position so strongly urged upon us in this case. The facts were entirely different and the rules of law applicable not the same. In the case at bar it was for the jury to say whether there was negligent operation of the car, and whether appellee by his negligence contributed to the injuries sustained, when viewed in the light of all the circumstances. In other words, this was a case for the jury and not for the court.

Judgment affirmed.