# Theisen v. Pittsburgh Railways Company, Appellant.

*Negligence—Street railway companies—Car turning curve—End projecting over sidewalk—Pedestrian—Contributory negligence—Case for jury.*

1. Although a trolley car may be moving at a speed which would not be excessive under ordinary circumstances, yet where in turning it protrudes over the sidewalk, endangering persons who may be traveling thereon, the question may arise whether the car was moving too fast under the peculiar circumstances there existing and in such case this question is for the jury.

2. In an action to recover damages for injuries sustained by a pedestrian who was traveling upon a sidewalk, and who was struck

476 THEISEN v. PITTSBURGH RYS. CO., Appellant.

by the drawbar of a trolley car which protruded over the sidewalk as the car turned a corner, the question of defendant's negligence was for the jury where there was evidence that the car was moving faster than was safe under the peculiar circumstances of the case, and particularly where there was evidence that a pole erected by defendant on the sidewalk retarded plaintiff as she was endeavoring to get beyond reach of the car.

3. In such case where it appeared that the approach of the car was hidden by a board fence, and there was evidence that plaintiff was not familiar with the dangers at the point of the accident, and did not know that cars necessarily protruded over the sidewalk as they turned the corner, the question of plaintiff's contributory negligence was also for the jury.

*Practice, C. P. — Statement of claim — Ad damnum clause — Amendment after verdict.*

4. The ad damnum clause in a statement of claim may at any time before final judgment be amended in the discretion of the trial court so as to embrace the case as actually tried.

5. Where in a negligence case the verdict greatly exceeded the amount claimed in the statement of claim the court properly permitted the statement to be amended so as to claim an amount exceeding the verdict; it was not necessary in such case that a new trial be granted.

Argued Oct. 18, 1916.   Appeal, No. 109, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 412, on verdict for plaintiff, in case of Margaret K. Theisen v. Pittsburgh Railways Company, a Corporation.   Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $15,000 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—There is not sufficient evidence of negligence on the part of defendant to carry the case to the jury: Moss v. Philadelphia Traction Co., 180 Pa. 389; Yingst v. Lebanon & Annville St. Ry. Co., 167 Pa. 438; Eastburn v. United States Express Co., 225 Pa. 33; Kline v. Electric Traction Co., 181 Pa. 276; Keller v. Conestoga Traction Co., 45 Pa. Superior Ct. 462; Cominsky v. Connellsville, New Haven & Leisenring St. Ry. Co., 4 Pa. Superior Ct. 631; Hooper v. United Traction Co. (No. 1), 17 Pa. Superior Ct. 638; Kleine v. Pittsburgh Rys. Co., 252 Pa. 214.

Even if the car was moving at an excessive speed, the speed of the car was not the proximate cause of the accident and the question of speed should not have been submitted to the jury: Funk v. Electric Traction Co. of Philadelphia, 175 Pa. 559; Gould v. Union Traction Co., 190 Pa. 198; Eastburn v. United States Express Co., 225 Pa. 33; Balto. & Ohio R. R. Co. v. Schwindling, 101 Pa. 258; Keller v. Philadelphia & Reading Ry., 214 Pa. 82.

The inspection of the record will show that the plaintiff was guilty of contributory negligence: Bornscheuer v. Consolidated Traction Co., 198 Pa. 332; Joyce v. Balto. & Ohio R. R. Co., 230 Pa. 1; Hoffman v. Philadelphia Rapid Transit Co., 214 Pa. 87; Dennison v. North Penn Iron. Co., 22 Pa. Superior Ct. 219.

The verdict being in excess of the amount claimed in the plaintiff's statement, the court erred in entering judgment thereon and in permitting an amendment of the statement after verdict without granting a new trial: Gratz v. Phillips, Exec. of Simon, 5 Binn. 564; Spackman v. Byers, 6 S. & R. 385; Stone v. Furry, Addison 114; Furry v. Stone, 1 Yeates 186; Dennison v. Leech, 9 Pa. 164; Lantz v. Frey, 19 Pa. 366.

*Rody P. Marshall,* with him *Thomas M. Marshall* and *Oliver K. Eaton,* for appellee.—The question of defendant's negligence was for the jury: Gress v. Braddock &

Homestead St. Ry. Co., 14 Pa. Superior Ct. 87; Davidson v. Schuylkill Traction Co., 4 Pa. Superior Ct. 86; Fritch v. Pittsburgh Rys. Co., 239 Pa. 6; Schmidt v. Philadelphia Rapid Transit Co., 253 Pa. 502; Brentlinger v. Louisville Ry. Co. et al., 156 Ky. 685 (161 S. W. Repr. 1107).

The question of plaintiff's contributory negligence was also for the jury: Shaffer v. Beaver Valley Traction Co., 229 Pa. 533; Gilmore v. Philadelphia Rapid Transit Co., 253 Pa. 543.

The court did not err in allowing an amendment of the statement after verdict: Clark et al. v. Herring, 5 Binney 32; Wampler v. Shissler, 1 W. & S. 365; Bailey v. Musgrave, 2 S. & R. 219; Miller v. Weeks, 22 Pa. 89; Kraft et al. v. Gilchrist et al., 31 Pa. 471; Trego v. Lewis, 58 Pa. 469; Parks v. Boynton, 98 Pa. 370; Brobst v. Ruff, 100 Pa. 91; Readdy v. Shamokin Boro. (No. 1), 137 Pa. 92.

OPINION BY MR. JUSTICE WALLING, February 19, 1917:

This is an action for injuries to a pedestrian. There is a public street in Pittsburgh, known as Forbes street, which extends in an easterly and westerly direction and in which defendant has a double track street railway. Defendant also has a double track railway in what would be Sixth avenue if extended in a southeasterly direction from Old avenue or Diamond street to Forbes street. The latter tracks turn easterly in an oblique curve and connect with the tracks in Forbes street. The property at the northwest corner of the intersection of said streets forms an acute angle and at the time in question there was a high board fence, along the north line of Forbes street, which extended east to within five and one-half feet of the west rail of said track in Sixth avenue and thence extended in a northwesterly direction parallel with the last named track; and in front of which there was a billboard, also parallel with said track and forty-six inches therefrom, so that a person going east in

Forbes street could not see an approaching car in Sixth avenue until it had passed the line of said billboard. There was a cinder walk of the width of about ten feet on the north side of Forbes street. One of defendant's iron poles, about eighteen inches in diameter, stood in the walk near the curb and five feet four inches west of the said west rail of the track where it crossed the walk coming into Forbes street. The car in question was forty-seven feet long and so constructed that as it turned into Forbes street the rear end extended over the sidewalk about five feet, and the drawbar came within eight inches of said pole.

On the morning of June 11, 1913, the plaintiff in going to her work was walking east along the sidewalk, and at this crossing was struck by the drawbar on the rear end of the car as it was turning into Forbes street, and received serious and permanent injury.

The evidence as to the cause and manner of the accident was conflicting; that of plaintiff tended to show that she was not familiar with the place and that as she came along upon the center of the walk she saw the tracks and stepped out to within about one and a half feet of the west rail, so that she could get a view of the track in Sixth avenue, and just at that moment she saw the car within about ten feet and coming so rapidly that before she could get back out of danger it had turned into Forbes street and the rear end thereof had swung over the walk so that she was struck by the drawbar thereon. She also testified that her efforts to get back out of reach of the car were retarded by her back coming against said large pole standing in the sidewalk; and that no warning was given of the approach of the car to the crossing. Defendant's evidence tended to show that the bell was rung and due warning given of the car's approach, and that the car made a safety stop just before reaching this crossing and was moving very slowly, and that the real cause of the accident was plaintiff's own negligence in going and remaining so near the track as to receive in-

jury. The case was fully and fairly submitted to the jury by the learned trial judge, and resulted in a verdict for the plaintiff, on which judgment was entered. Owing to the car projecting so far over the sidewalk and coming so near the large pole, the situation was one requiring great care on behalf of defendant company. 'And while the evidence as to the speed of the car might not be sufficient to carry the question to the jury under ordinary circumstances and conditions and on a straight track, yet owing to the extraordinary situation here it could not properly have been withdrawn from them.

The evidence to the effect that plaintiff was struck before she could get out of the way had some bearing on the subject of the speed of the car. It is not a question as to the car moving too fast under ordinary circumstances, but was it moving too fast under the peculiar circumstances there existing, and in view of the fact that it was covering a considerable portion of a public walk and coming within a few inches of a large iron pole standing thereon; and in view of the further fact that the motorman saw plaintiff before the car had passed, and knew much better than she that the rear end of the car would cover the walk as it rounded the curve? Plaintiff may not be entirely accurate as to just how near she was to the track when she could see along Sixth avenue, but she was not familiar with the place or the movement of the car, and if, as she testifies, her efforts to escape were retarded by stepping back against the pole, it cannot be declared as matter of law that she was guilty of contributory negligence. The fact that the drawbar struck her right leg confirms her evidence that she was facing the car, and lends probability to the contention that her back came against the pole. Some recent authorities supporting the conclusion that this case was for the jury are: Fritch v. Pittsburgh Rys. Co., 239 Pa. 6; Schmidt v. Philadelphia Rapid Transit Co., 253 Pa. 502; Brentlinger v. Louisville Ry. Co. et al., 156 Ky. 685; Davidson v. Schuylkill Traction Co., 4 Pa. Superior Ct. 86.

After verdict, the court below allowed an amendment of plaintiff's statement changing the amount of damages claimed from ten to twenty thousand dollars, so as to cover the $15,000 verdict found by the jury. This was a proper exercise of judicial discretion and tended to promote the due administration of justice; and thereby defendant was deprived of no substantial right. It would be a blemish upon the law if such formal amendment could not be made without the necessity of granting a new trial. The amendment did not go outside of the case as it was tried; and any time before final judgment the ad damnum clause, may, in the discretion of the trial court, be increased so as to embrace the case as actually tried.

We realize the importance of this case, in view of the amount of the verdict, but find nothing in the record to justify setting it aside.

The assignments of error are overruled and the judgment is affirmed.