## ELEONORE GAGNON *vs*. RHODE ISLAND COMPANY.

### JULY 5, 1917.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1)  Negligence.  Carriers.*

While plaintiff was walking upon a sidewalk, a street car of defendant behind the plaintiff, in passing around a curve, overlapped the sidewalk and knocked plaintiff down, injuring her. There was evidence from which the jury might find that the car was operated without warning to plaintiff when the danger to her must have been apparent. On exceptions to refusal of the justice presiding to grant a new trial, after verdict for plaintiff; — *Held*, no error.

*(2)  Negligence.    Damages.    Mental Suffering.    Injury to Pregnant Woman.*

The fœtus is a part of the person of a pregnant woman, and if by reason of the nature and circumstances of an injury to her person caused by the negligence of a defendant she suffers apprehension and anxiety as to the effect of the injury upon the fœtus, such mental suffering is an element of her damage as a natural and proximate result of the negligence which caused the injury, and although she should not be given damages for the child's misfortune during life, resulting from an injury to the fœtus, nor for her own subsequent mental distress during the lifetime of the child occasioned by its deformity, she is entitled to damages for her distress and disappointment at the time of the birth, because through defendant's negligence she has been deprived of the right and satisfaction of bearing a sound child, if it be found that the child's deformity is due to the injury she received through the defendant's negligence.

TRESPASS ON THE CASE FOR NEGLIGENCE.   Heard on exceptions of defendant and overruled.

PER CURIAM.   This is an action of trespass on the case brought to recover damages for injuries alleged to have been suffered by the plaintiff through negligence of the defendant.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff. Defendant's motion for a new trial was denied by said justice. The case is before us upon the defend-

ant's exception to the decision of said justice on the motion for a new trial and upon exceptions taken by the defendant to certain rulings of said justice made in the course of the trial.

It appears that the defendant's car track on John street near Pleasant street in the city of Woonsocket is laid on the westerly side of the roadway in John street, the westerly rail of said track being two feet and ten inches from the curbstone of the westerly sidewalk of John street. Near the corner of John and Pleasant streets said track begins to curve toward the east and runs into Pleasant street. In passing upon and around said curve the rear of a double-truck car of the defendant begins to overlap the westerly sidewalk of John street and continues to so overlap the sidewalk for a considerable distance, the greatest overlapping being fifteen inches at one point. On the day of the occurrence complained of, the plaintiff in company with two other women was walking in a southerly direction on the westerly sidewalk of John street, the plaintiff being the one nearest to the (1) curbstone. There was testimony from which the jury might find that the servants of the defendant were operating one of the defendant's double-truck cars on said John street behind said plaintiff; and, without warning or care for the safety of the plaintiff, when the danger to the plaintiff must have been apparent to the servants of the defendant, they drove said car around said curve; whereby the rear of said car projected over a portion of the westerly sidewalk of John street, struck the plaintiff, knocked her down and inflicted serious injuries upon her. The justice presiding refused to disturb the verdict in respect to the finding of liability or the assessment of damages. After an examination of the transcript of evidence we find no reason for overruling his decision.

The defendant's exceptions to the refusal of said justice to charge the jury as requested are without merit.

Said justice carefully instructed the jury as to the duty of the plaintiff and of the defendant in the premises and so far as the charge which the defendant requested was a correct statement of the law applicable to the evidence such instruction had been fully given by said justice.

The plaintiff at the time of the accident was pregnant; she was struck and felt pain in her back and side and she testified that at the time of the accident "I felt the child pushing toward the right." The plaintiff further testified that from the time of the accident until the birth of the child she entertained fears that the child would be born deformed. The defendant excepted to the admission of testimony that the head of the child was deformed at birth. The defendant then excepted to the admission of testimony that when the plaintiff saw this deformity she was pained. The defendant also excepted to the charge of the justice to the jury that in assessing damages they might consider any mental suffering which they found that the plaintiff had endured, due to her apprehension that she would give birth to a deformed child; and that they might consider her mental suffering at the time of the birth caused by her disappointment at finding a deformity in the head of the child, if the jury should also find that the deformity was a result of the accident to the plaintiff. The justice very carefully instructed the jury that the plaintiff was not entitled to compensation for the injury to the child or for any disappointment and suffering which she as its mother might feel during its life by reason of any deformity in the child; but that the jury were justified in giving compensation to the plaintiff for the mental suffering which the jury might find she had endured before the birth by reason of her apprehension of the child's deformity and also for her suffering at the time of birth caused by disappointment in finding she had not been delivered of a sound child, provided they also found that the deformity was due to the accident. The

exceptions which we are now considering should be over-ruled. The fœtus is a part of the person of a pregnant woman and if by reason of the nature and circumstances of an injury to her person caused by the negligence of a defendant she suffers apprehension and anxiety as to the effect of the injury upon the fœtus, in accordance with the well-recognized rule, such mental suffering becomes an element of her damage as a natural and proximate result of the negligence which caused the injury. Furthermore, although she should not be given damages for the child's misfortune during life, resulting from an injury to the fœtus, nor for her own subsequent mental distress during the lifetime of the child occasioned by its deformity, the mother is entitled to damages for her distress and disappointment at the time of the birth because through the defendant's negligence she has been deprived of the right and the satisfaction of bearing a sound child, if it be found that the child's deformity is due to the injury she received through the defendant's negligence. *Prescott* v. *Robinson,* 74 N. H. 460; *Big Sandy* v. *Blankenship,* 23 L. R. A. (N. S.) 345.

The defendant's exceptions are all overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Archambault & Jalbert,* for plaintiff.
*Clifford Whipple, Alonzo R. Williams,* for defendant.