JAROSZ *v.* GEISLER.

1. NEGLIGENCE—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
   Evidence that decedent was struck by defendants' automobile while within two feet of the street car tracks, at a regular stopping place for street cars, when a car was approaching, *held*, to justify refusal of a directed verdict for defendant on the ground of contributory negligence.

2. SAME—HIGHWAYS AND STREETS—SAFETY ZONE—PRESUMPTIONS.
   Even if decedent was walking toward the sidewalk, and had no intention of boarding the street car, he would not

be guilty of contributory negligence, since he had a right to assume that the driver of the automobile would exercise reasonable care and not drive into the safety zone.

Error to Wayne; Chester (Guy M.), J., presiding. Submitted January 31, 1922. (Docket No. 102.) Decided July 20, 1922.

Case by Mary Jarosz, administratrix of the estate of Anthony Jarosz, against Frank H. Geisler and others for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendants bring error. Affirmed.

*Julius J. Thiede* (*Frank W. Atkinson,* of counsel), for appellants.

*Walter Phillips* and *Frank S. Dombrowski,* for appellee.

McDONALD, J.    Anthony Jarosz was injured on March 5, 1919, by being run into by a Ford truck driven by defendant, Ralph Geisler, and owned by Frank H. Geisler.    The accident happened at the intersection of Fort street and Ferdinand avenue, in the city of Detroit.    There are 2 street car tracks in the centre of Fort street, which at this point is a busy thoroughfare.    The plaintiff died after instituting this suit, and it has been revived in the name of Mary Jarosz, administratrix.    The claim is that decedent had crossed Fort street in a northerly direction on his way home from work, and had stopped about 2 feet north of the northerly track for the purpose of boarding a car; that this point was a regular stop for westbound cars; that while standing there defendants' truck, which was being driven at an improper and unlawful rate of speed, ran into him, causing the injuries complained of.    The defendants say that the accident was caused by the act of the plaintiff in

suddenly running without looking into the path of the truck. Both of these theories were submitted to the jury by the trial court. From a judgment of $2,500 the defendants appeal.

There is no motion for a new trial and, therefore, no assignment of error that the verdict is against the weight of the evidence. In their briefs, counsel for defendants concede that the proofs of defendants' negligence presented a case for the jury, but insist that the decedent was guilty of contributory negligence as a matter of law, and that the court should have so instructed the jury. This is the sole question to be determined.

Giving as we must the most favorable consideration to the plaintiff's evidence, we are of the opinion that it was sufficient to justify the verdict. It tended to show that the decedent had crossed the track and had stopped within 2 feet of it, at a point where people were accustomed to stand while waiting to board westbound cars, and that he was hit by defendants' truck while he was within that distance from the track. To this effect is the testimony of Anthony Kot, a witness for the plaintiff. There is some uncertainty in this testimony as to whether he was moving towards the sidewalk at the time he was hit or standing still, but that is not so important in its bearing on the question under consideration as the fact that he was struck within 2 feet of the track as the street car was approaching a regular stopping place to take on and let off passengers. Whether or not he intended to board the car or to cross the street to the sidewalk, he had a right to believe that while he was within that area he would not be run down by an automobile; he had a right to assume that the driver of the truck would exercise reasonable care and not drive his machine into the place where passengers are accustomed to get on and off of street cars.

I think all of the circumstances attending the accident, the time and place where it happened, the traffic on the street, the coming and going of street cars, the position of the decedent and of the truck, present a case for the jury on the question of decedent's contributory negligence. The numerous cases cited in defendants' brief apply only to their theory of the case, viz., that decedent, without looking, ran suddenly across the street in the path where the truck was travelling. There is much testimony to support this theory, but the record does not present a case where this court is required to weigh the evidence.

The sole question for our consideration is, Did the evidence introduced by the plaintiff justify this verdict? The circuit judge held that it did, and we think he did not err in so holding.

The judgment is affirmed, with costs to the plaintiff.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.