## COLLINS v. PERRY.

1. NEGLIGENCE—MOTOR VEHICLES—PEDESTRIAN STANDING IN SAFETY ZONE—QUESTION FOR JURY.

In an action for personal injuries, testimony that defendant's automobile was driven to within five inches of a safety platform on which plaintiff was standing, that her clothing was caught, and that she was dragged into the street and injured, *held*, sufficient to take to the jury the question of defendant's negligence, although the driver of the car testified that plaintiff was in the street and not on the platform.

2. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

An instruction by the court that plaintiff would not be guilty of contributory negligence if she was standing on the platform at the time the accident happened was correct, and the fact that by reason of its crowded condition she was forced to stand at its edge was immaterial.

3. APPEAL AND ERROR — DAMAGES — WHERE COURT PROPERLY INSTRUCTED JURY ON MEASURE OF DAMAGES NO ERROR IN REFUSING REQUESTED INSTRUCTION THEREON.

Where plaintiff's medical testimony negatived the permanency of her injuries, and the trial court properly instructed the jury to limit the damages to the present, there was no prejudicial error in refusing to instruct them that she was not entitled to recover for permanent injuries, especially where the size of the verdict indicates that the instructions of the court were followed.

4. NEGLIGENCE—WEIGHT OF EVIDENCE.

The verdict in favor of plaintiff *held*, not against the clear weight of the evidence.

Error to Kent; Dunham (Major L.), J.    Submitted October 19, 1927.    (Docket No. 73.)    Decided January 3, 1928.

Case by Kathryn E. Collins against Mrs. D. M.

[1]Motor Vehicles, 42 C. J. §§ 1053, 1072; [2]Id., 42 C. J. § 1139; [3]Appeal and Error, 4 C. J. § 3035; Motor Vehicles, 42 C. J. § 1137; Trial, 38 Cyc. p. 1711; [4]Motor Vehicles, 42 C. J. §§ 1044, 1046.

Perry and another for personal injuries.    Judgment for plaintiff.    Defendants bring error.    Affirmed.

*Dunham & Cholette,* for appellants.

*Linsey, Shivel & Phelps,* for appellee.

Fellows, J.    Plaintiff was employed in a store located on Monroe avenue in the city of Grand Rapids. At about 1:30 in the afternoon she had occasion to cross the street.    At the point of crossing there was a platform used as a safety zone adjoining the street car tracks, 99 feet long, 4 feet wide, and 6 inches high.    It is plaintiff's claim and testimony that she stepped up on this platform, that it was crowded, some street cars were standing there to take on and discharge passengers, and that, while waiting for the traffic to clear, the automobile owned by defendant Mrs. D. M. Perry and driven with her consent by her daughter, defendant Eleanore Perry, was driven so closely to the platform as to catch her clothing, drag her into the street, her ankle was run over causing a fracture of two bones at or near the same.    She was unable to work for some time and there is testimony of loss of earnings, and considerable suffering.    Defendant Eleanore Perry was alone in the car when the accident occurred.    She testified that she was driving in the usual course of traffic, in the middle of that portion of the street, which from the curb to the platform was 10 feet and 6 inches wide, and while she did not see plaintiff until about the moment of the accident, the effect of her testimony was that she was not on the platform at all but was out in the street when the accident occurred.    The case was submitted to the jury and a verdict for $1,500 was rendered.

1. It is insisted that there was no evidence to take the question of defendant's negligence to the jury; that the happening of the accident alone is not evidence

of negligence and that the plaintiff's case at most rested on conjecture, surmises and guesses. This court has consistently refused to adopt the rule of *res ipsa loquitur* and has as consistently held that cases may not go to the jury where recovery can only be based on guesses, conjectures, and speculation. But we have also pointed out that there is a difference between conjecture and the weighing of probabilities from the established facts. There was testimony that defendants' car was driven within five inches of the platform; there was testimony tending to show that plaintiff's clothing was caught by it. Manifestly if plaintiff's clothing was caught by it, that fact is some evidence that the car was driven very close to the platform. It was midday, the platform was a large one and readily visible to any one driving down the street; it was crowded with people. Under the facts disclosed by this record it can not be said that no negligence of defendants was proven, and the court did not err in refusing to direct a verdict for defendant on this ground.

2. It is strenuously urged that the court erred in the instructions to the jury on the question of contributory negligence. Error is assigned on the charge as given and the refusal to instruct as requested. The trial judge charged the jury that plaintiff would not be guilty of contributory negligence if she remained on the platform. It may be said that upon the question of contributory negligence the case was made to turn on the question of whether plaintiff stepped down from the platform or not, the court in effect charging that if she did she was negligent. He refused instructions antagonistic to the view entertained in his charge. The platform, six inches high, was a safety zone. It was crowded with people. The fact that plaintiff was forced to stand at the edge of the platform was in no wise due to her fault. A safety zone

should be a place of safety. We had a somewhat similar question before us in *Jarosz* v. *Geisler*, 219 Mich. 283. In that case there was a dispute as to where the deceased was when struck; this made the question one for the jury as we held. But in discussing defendant's contention that a verdict should have been directed on the ground of contributory negligence, this court was required to determine the rights of deceased if he was within the safety zone and it was there said by this court, speaking through Mr. Justice McDONALD:

"Whether or not he intended to board the car or to cross the street to the sidewalk, he had a right to believe that while he was within that area he would not be run down by an automobile; he had a right to assume that the driver of the truck would exercise reasonable care and not drive his machine into the place where passengers are accustomed to get on and off of street cars."

We think that case controlling of the one before us.

3. Plaintiff's medical testimony negatived the permanency of the injury. Defendants asked an instruction that she was not entitled to recover for permanent injury. This instruction was refused. On the question of damages the trial judge instructed the jury:

"Now if you find from the evidence in this case under these instructions I have given you that plaintiff is entitled to recover, then you will consider what the amount of her doctor bills are and having an X-ray taken, what it cost her, what those expenses are, and if you find she is entitled to recover she is also entitled to recover all of the earnings she has lost by reason of this injury at the rate of $25 per week for the time she lost. Now if she is entitled to recover, she is entitled to recover for her pain and suffering that she suffered."

He then instructed them properly as to their duty

in fixing the damages for pain and suffering. In concluding his charge he said:

"If you find it was, you determine what in your judgment would be a sum of money that would fully and fairly compensate the plaintiff for the money she had to pay out and the loss of her earnings, and for her pain and suffering."

While the specific instruction requested was not given it will be seen that recovery was by the charge limited to expenses, loss of time, pain and suffering in the past and did not justify any allowance for anything in the future.

Defendants' counsel rely on *Butler* v. *Railway*, 131 Mich. 617; *Matthews* v. *Lamberton*, 184 Mich. 493; *Kethledge* v. *City of Petoskey*, 179 Mich. 301. In the *Butler Case* the charge of the court does not appear in the opinion but an examination of the record shows that the following was the instruction on the question of damages and all the instruction on that subject:

"And if you say guilty, you are at once to compute, what in your judgment—what in your average judgment—would be a just compensation. Damages are intended, when they are awarded, to make good the injured party. The real purpose of damages would be to make good the injured party. It would be impossible to add it up here for you; that is a matter for you to determine."

This court held that it was error to refuse the specific instruction that a recovery could not be had for permanent injury. It is manifest that the instructions given did not cover the subject or cure the error. In the *Matthews Case* the instructions do appear in the opinion, and it will be noted that they permitted recovery for both past and future damages. In the *Kethledge Case* the instructions permitted recovery for permanent injury although the evidence did not tend to establish such injury. In the instant case, while the court did not instruct the jury what damages she

could not recover for, he did instruct them what damages she could recover for and limited the same to the present damages.    We must assume they followed such instructions.    Indeed, the size of the verdict negatives any claim they did not.    See *Jozefiak* v. *Railway*, 193 Mich. 318.    We do not perceive that defendant was in any way prejudiced by the failure to give the specific instructions.

The other errors need not be discussed further than to say that the verdict was not against the clear weight of the evidence.

The judgment will be affirmed.

FLANNIGAN, C. J., and WIEST, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.