Joseph Turczynski, Respondent, v. John Hancock Mutual Life Insurance Company, Appellant.—Appeal from judgment of the Supreme Court, Schenectady county, entered on the verdict of a jury, in favor of plaintiff, in an action to recover disability benefits, under a policy of insurance, which provided for such benefits, if the insured " shall become wholly and permanently disabled by bodily injury or disease sustained or contracted after the date hereof, so that thereby he will be wholly, continuously and permanently prevented from the pursuit of any form of mental or manual labor for compensation, gain or profit whatsoever." Plaintiff claims to have become thus disabled from tuberculosis. The defense is that the tuberculosis existed prior to the issuance of the policy. Judgment affirmed, with costs. Rhodes, Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents.

William P. De Aprix, Appellant, v. Andrew Hyson, Respondent.—Appeal from an order of Supreme Court, Schenectady county, setting aside a verdict for plaintiff in the sum of $5,000, unless plaintiff stipulates to accept a reduction thereof to $1,500. In the accident in question, plaintiff, a farmer, sixty-two years old, was thrown from his wagon, striking on his right side on the macadam pavement. He was dazed and in a short time became unconscious and thus remained until the next day about noon; was in a hospital four days and thereafter was confined to his home for two weeks. One tooth was knocked out, one was broken off; several were loosened so that later they had to be removed; other remaining loose teeth his dentist is trying to save. He sustained a concussion and compression of the brain, acute shock, and general bruises on body; developed sugar in his urine, and frequency of urination; for a time his urine was tinged with blood. He still suffers pain in his right shoulder and hip and frequency of urination; can do no lifting, cannot carry a pail of water " or anything like that; " has not been able to work since the accident. He is still receiving treatment from his physician and dentist, and may never fully recover. As to that, it is uncertain. Order setting aside verdict reversed, on the facts, with costs, and verdict reinstated. Hill, P. J., Rhodes and Heffernan, JJ., concur; Crapser and Bliss, JJ., dissent, and vote to affirm.

Ernest Mosher, as Administrator, etc., of Luella Mosher, Deceased, Appellant, v. Peter S. Lamora and Another, Respondents.—Appeal from a judgment of nonsuit on the merits at the end of plaintiff's case. Children were playing on the westerly sidewalk near a four-corner intersection. The truck was going south. The evidence shows the little girl who was killed in the accident did not leave the sidewalk but the truck was so close to the curb that she was caught and partly thrown under the truck and killed. Her feet were still on the curb. Plaintiff was entitled to the most favorable view of the evidence and decedent's negligence was a question for the jury and the burden was upon the defendant to show that decedent was negligent. Judgment is reversed upon the law and a new trial granted, with costs to the appellant to abide the event. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.