**RIEGEL v OAKWOOD STREET RY. CO.**

Ohio Appeals, 2nd Dist, Montgomery Co.

, No. 1708.  Decided Jan. 19, 1942.

Frank W. Krehbiel, Dayton, for plaintiff-appellee.

Carroll Sprigg, Dayton, and John M. Sprigg, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment for $400.00 in behalf of plaintiff and against the defendant on an action for damages for personal injuries.

Plaintiff, for·his cause of action, alleged that on August 10, 1939, in the afternoon, he was standing on the sidewalk near the curb on the east side of South Brown Street in the city of Dayton, waiting for the proper light to enable him to cross said street from the east to the west side thereof when the defendant carelessly and negligently, without keeping a proper lookout of the proximity of the bus to the sidewalk and without giving any warning of his approach, suddenly swerved over to the east side of said street, over the east sidewalk line of said street, striking the plaintiff while he was standing on the sidewalk, knocking him to the pavement and injuring him.

The defendant answering in a first defense, denied any negligence on its part and as a second defense, asserted that the plaintiff was contributorily negligent in that "while standing on the curb, described in his petition, and while he was, or should have been, fully aware of the approach of defendant's trolley coach, deliberately stepped from said curb and into the right front corner of said trolley coach." ,

Plaintiff replied to the answer, denying any negligence and restating, that he was standing upon the sidewalk when the operator of defendant's trolley coach operated the same so close to the curb stone as to permit its body to swerve over on to the sidewalk, striking said plaintiff and knocking him down, as in the petition alleged.

Upon the issues thus drawn the

cause went to trial resulting in a verdict in behalf of the plaintiff upon which, after motion for new trial was overruled, judgment was entered.

The errors assigned are numbered 1 to 7 inclusive but in the brief three legal propositions only are urged. (1) That, upon the record it does not appear that the defendant was negligent. (2) That, if defendant was negligent in any particular, it clearly appears that the plaintiff was contributorily negligent. (3) That the verdict was manifestly against the weight of the evidence.

Although the third ground is not waived, the major portion of appellee's brief is devoted to propositions 1 and 2. It is asserted in the brief of appellant that the legal question here presented is new and that no precedent strictly in point is available. Because we recognize that counsel would not have made the statement except after thorough search, we have not made any extended independent investigation of the cases to determine if any blue bottle decision is available. We are satisfied, however, that the questions presented may be determined upon well established principles of the law of negligence.

If the plaintiff was injured under the conditions and in the manner stated by him in his testimony, he was entitled to go to the jury upon the case thus made.

It is his claim, supported by his testimony, and in material instances by the testimony of Mr. C. A. Jones, and others, that the plaintiff was standing on the east side of South Brown Street in front of the place of business of Mr. Jones, who operated a restarant; that he was within 6 inches of the curb on a gravel strip between the cement sidewalk and the street. This place at which he was standing was some 30 feet south of an intersection of South Brown Street with Fairground Avenue, at which intersection there was a traffic light; that it was then against him and that he intended to move across the street when it was in his favor. He says, that he knew that he was standing in a zone set apart for the taking on of passengers by the defendant company's busses and that he saw the bus which struck him moving northward when it was in the middle of the street and beyond a parked automobile on the east side of South Brown Street; that after he first saw the bus, he paid no attention to it and did not again see it until about the moment of impact.

The plaintiff is corroborated by Mr. Jones as to the fact that the bus struck the plaintiff while he was standing within the curb and away from the street, although Jones says that he did not see the bus for any appreciable time before it struck the plaintiff.

From these facts it is urged that without the doctrine of res ipsa loquitor there is no direct proof of any negligence against the defendant. The petition charges negligence in two specifications, first, failure to give any warning of the approach of the bus and second, driving of the bus so that it projected over and above the sidewalk. The court gave no consideration to res ipsa and charged upon the two specific claims of negligence.

Upon the whole record, it is conceded by everybody that the bus struck the plaintiff. The material question is, where was the plaintiff when he was struck? If he was within the curb line and away from the street, he was in a place where he had a right to be and which he had a right to assume was a safe place to stand and the driver of the bus was charged with the obligation of so driving that no part of the bus would extend over or upon that portion of the street reserved for pedestrians. If plaintiff was in the street when struck the jury, under the charge of the court, could not have found for him.

It is recognized that the defendant by its franchise with the city of Dayton was accorded certain privileges as to the use of the zones in the streets for taking on and discharging passengers but this does not, in our judgment, carry with it any right to infringe upon that space reserved for those who may

properly be using the sidewalk. Appellant's brief notes that under an ordinance of the city of Dayton, it is required to stop its busses within three feet from the curb, but observance of this provision would not authorize or compel it at any time to have any part of its busses off the street.

We are cited to Youngstown Suburban Ry. Co. v Faulk, 114 Oh St 572, wherein it was held, that no negligence was shown against the Street Railway Company when it appeared that the plaintiff, intending to board the car, stood in such a position in the street as that a projecting part of the car, probably a handle near the side of the front door, struck and injured the plaintiff. It is obvious that the respective situations in the cited case and in the instant case are not at all alike. In the cited case the occurrence took place in the street. The street car had a right to operate its cars as it did at the place where the plaintiff was injured and it clearly appeared, as the court points out in the opinion, that the accident occurred because the plaintiff either failed to take notice of that which he must have known, namely, that there was an overhang of the car, or, because the crowd back of him forced him to leave the car. In the instant case, upon plaintiff's theory, the injury occurred upon the sidewalk at a place where the plaintiff not only had the right to be but a right to be superior to that of the defendant. The same distinction may be made as to the overhang of street cars making a turn in the streets. 38 O. Jur., 153, Annotation to Wheeler v Des Moines R. Co., 55 A. L. R. 487. We know of no case announcing the principle that a company would not be negligent which operated its street car so that in making a turn at a curve the overhang would leave the street and extend over sidewalk and thereby injure another. The rule is to the contrary—Dunn v Curan, 65 Oh Ap 99.

Neither party produced any testimony respecting the relative locations of the front wheels, the fenders of the bus, or more specifically the extent of the over-

hang of the right front fender. It is obvious the defendant had this data at its call. It did establish that the wheels of the busses are flush with the sides and that, therefore, when the wheels are parallel with the curb the sides of the busses will be in the same line. This may be true and the front fenders of the busses not be in line with the side of the bus but project some distance from the wheels. It is obvious that there is some extension of the fender over and beyond the front wheel and it is this part of the bus which the plaintiff claims struck him. If the accident occurred while he was standing on the sidewalk, it is evident that the impact must have occurred in this manner because there is no suggestion that the right front wheel went over the curb.

We come, then, to the consideration of the contributory negligence of the plaintiff, considering it now from the standpoint of the evidence in his behalf. It is urged that he was negligent because he did not see the bus as it came near to him and in time to avoid being struck. This conclusion can not properly be drawn as a matter of law. He was chargeable only with ordinary care. He could not be held to anticipate that the defendant bus nor any other vehicle would move into his zone of safety. When, and if, he observed the bus bearing down upon him, he was charged with the duty of protecting himself, as ordinary care required. But no such situation arose under plaintiff's case. He was not chargeable with looking at any definite time and the fact that he did not look after he saw the bus approaching in the middle of the street does not charge him with negligence as a matter of law.

Much also is claimed for the fact that plaintiff was, according to his own statement, preparing to cross the street at a place other than a cross-walk or at the intersection. The fact that he may have intended to do that which was improper or which may have charged him with negligence as a mat-

ter of law, had he carried out his intention, will not require the inference that he was negligent, so long as he stood on the sidewalk. Nor did the fact that he was in a place commonly reserved for loading and unloading bus passengers take away from him his right to stand there, although, he did not purpose to become a passenger. It is true that, in law, there would be a higher degree of care owing from the defendant to him if he was in the loading zone intending to become a passenger than otherwise, but practically there would be no difference in the care to be observed toward him.

The jury answered interrogatories "(1) to the effect that the operator of the trolley bus was guilty of negligence proximately causing the injuries to the plaintiff, (2) that this negligence consisted in the extension of the bus over the curb, (3) that the plaintiff could not, in the exercise of ordinary care, have seen the trolley coach as it approached him in sufficient time to avoid a contact and (4) that he was prevented from seeing the oncoming trolley bus because he was looking at a traffic light and preparing to cross the street, and parked car." Particular exception is taken to the answer to interrogatory No. 4. This finding is supported by the testimony of the plaintiff in both of the particulars set forth in the answer and, as to the parked car, by the plaintiff, his witness, Mr. Jones, and one of the witnesses for the defense, Mrs. Brockschmidt, who said that she noticed the automobile parked along the side of the bus before it reached the parking zone and the operator just had room to pull in and to get parallel with the curb before he hit the plaintiff.

Upon the record, at the close of the plaintiff's case and upon the whole record, we are satisfied that there was ample evidence to make an issue for the jury both upon the negligence of the defendant and contributory negligence of plaintiff.

The difficult question relates to the weight of the evidence. In fact it is one of the most troublesome bills of exceptions that we have considered.

The case of the defendant, independent of its general denial as made upon its pleadings, is, that the plaintiff was standing at the curb and as the bus approached, stepped off and into the street and into the right front side of the car. It would serve no good purpose to set forth at length the testimony of the various witnesses, but the differences appearing upon facts upon which ordinarily there would be no disagreement, is unusual. For instance, although the plaintiff states that he was standing in the parking zone for an appreciable length of time before the bus arrived, he says that he did not see any other person there or thereabouts but Mrs. Alex Bysak testifies that she stood in this zone for 15 minutes waiting for this car. It may be urged from this, that the defendant is correct in the statement of some of its witnesses, that the plaintiff came hurriedly out of the Jones restaurant and proceeded rapidly without stopping to and upon the street and into the bus.

The operator of the bus states that he saw the plaintiff as he came out of the door of the restaurant; that he walked in a northwestern direction at an angle and into the front panel of the car. On the other hand, on cross-examination, this witness says, that he (the plaintiff) was standing there, that is, at the curbstone. This statement is inconsistent with his testimony in chief because one answer carries the thought that the plaitniff was stationary at the curb stone for an appreciable length of time while the other is to the effect that at all times he was moving.

Defendant's witness, George W. Griffin, was positive that the plaintiff was foolish enough to run into the bus. He states,

"I seen him step off the sidewalk and come out toward the curb. He was going to cross the street. He just walked into the car, that's all there was to it."

He stated, however, that the plaintiff fell between the curb and the side-

walk on a little grass plot, and at another place in his testimony, the following questions and answers appear:

"Q. What part of the bus did he walk into?
A. Just a little back of the front door.
Q. Just a little back of the front door, was he at the time off of the curb stone and on to the street?
A. No, sir."

This last answer can not be reconciled with the witness's former statements to the effect that the plaintiff stepped off of the curb and into the street and then into the car and it is obvious, either that he made the last answer under misapprehension, or, did not fully appreciate its force and effect.

The testimony of Mrs. Alex Bysak is clear, consistent and comprehensible. She says that she had been waiting for the bus which struck the plaintiff some fifteen minutes; that the plaintiff came out of the Jones store across to about three feet from where she was standing and that "he stood there a few feet from her, that as the bus came up and was about to stop, he stepped off of the curb and that's when it hit him." This testimony is in direct support of the specific averments of the 2nd defense of the answer, but it is not in accord with much of the testimony of the defendant's other witnesses including, in part, that of the operator of the bus. There are many other inconsistencies and contradictions in the record, many of which we have great difficulty in reconciling to our satisfaction. We stress the discrepancies found in the testimony of the defendant because it is our obligation to support the verdict if it can be done upon any tenable hypothesis. We would have affirmed a judgment for the defendant on the record before us.

We are, therefore, remanded to the well recognized and appropriate principle of law, that a reviewing court in a proceeding in error, will not disturb a judgment

based upon the verdict of a jury unless it is so manifestly against the weight of the evidence as to shock the conscience. The jury is the trier of the facts, determines the weight of the evidence and the credibility of the witnesses. This judgment must be resolved upon a proper determination of the credibility of the witnesses. If it was our obligation to weigh this testimony and pass upon it originally, we would have much difficulty in reaching a proper conclusion and one that would satisfy us. We are now in a quandary as to the correctness of this verdict and judgment, but we can not say that the jury did not exercise its prerogative properly, nor that it had not the right to resolve the testimony in favor of the plaintiff. The judgment will, therefore, be affirmed.

GEIGER, PJ. and BARNES, J., concur.