DAVID SICHERMAN, Plaintiff, v. GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Special Term, Kings County, November 21, 1946.

*Holm, Whitlock & Scarff* for defendant.

*Charles Rosenberg* for plaintiff.

HALLINAN, J. In an action brought to recover disability benefits and for the return of premiums paid, the defendant has challenged the sufficiency of each of the four causes of action asserted by the plaintiff.

In pleading causes of action of the character herein involved, it is necessary to allege that the insured, because of his illness, was incapable of engaging in the ordinary forms of employment for compensation or profit, apart from that in which he was engaged prior to the claimed disability. In other words, the " plaintiff must show his disability was such as to prevent him from engaging in any occupation or performing work for compensation 'of financial value." (*Shabotzky* v. *Equitable Life Assurance Society,* 257 App. Div. 257, 260; *Muzio* v. *Metropolitan Life Insurance Co.,* 249 App. Div. 177.) That does not mean, of course, that the insured must be utterly helpless. (*Turczynski* v. *John Hancock Mutual Life Insurance* Co., 245 App. Div. 903, affd. 271 N. Y. 573.) On the other hand, a condition which prevents an insured from following solely his own profession or occupation has been held not to constitute total disability under policy provisions similar to those herein involved. (*Garms* v. *Travelers Insurance Co.,* 242 App. Div. 230, affd. 266 N. Y. 446.)

While it is true that in the last two lines of paragraph " Sixth " of the complaint it is pleaded " thereby making it impossible for plaintiff to engage in any occupation whatsoever ", the preceding language of said paragraph is to the effect that plaintiff was totally disabled because of illness while the policy was in full force and effect and " was disabled from prosecuting any kind of duty pertaining to his occupation." This is followed by the use of the conjunctive-disjunctive expression " and/or " which, in turn, is followed by the phrase " other means 'of earning a livelihood." The use of the expression " and/or " has been disapproved because it leads to confusion, equivocation and uncertainty. (*Lee* v. *Douglas Gibbons & Co.,* 258 App. Div. 717; *Becker* v. *Burkes,* 262 App. Div. 893.) Thus, in one part of paragraph " Sixth ", the plaintiff has pleaded as if he were entitled to benefits for disability from following *his own* occupation, and, in another, he has pleaded upon the basis of a policy under which he might be entitled to benefits for disability from following *any other* occupation. He has failed to observe the distinction between the two policies and the fact that the policy upon which he relies provides expressly for total and permanent disability " as a result of bodily injury or disease so as to be wholly, continuously and permanently prevented thereby from engaging in any business or occupation or performing any work for compensation, gain or profit * * *." The defendant is entitled to an unequivocal complaint which shall clearly and definitely state the gravamen of

each cause of action. The present complaint falls short of that requirement.

It follows that the motion must be granted, with leave to plaintiff to plead over within ten days after the service of a copy of the order to be entered hereon. Submit order.