Margaret T. CALBREATH, Individually and as Administratrix of James B. Calbreath, Deceased, Appellant,

v.

CAPITAL TRANSIT COMPANY, Appellee.

No. 13041.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 24, 1956.

Decided Dec. 20, 1956.

**622**

Mr. Warren E. Miller, Washington, D. C., for appellant.

Mr. Francis L. Casey, Jr., Washington, D. C., with whom Mr. John J. Sirica, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, WILBUR K. MILLER, and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is an appeal from a judgment directing a verdict for the defendant upon the opening statement of plaintiff's counsel in a suit based on negligence.

█ We have frequently pointed out that the rule which must guide the courts in such cases is that set forth in Best v. District of Columbia, 1934, 291 U.S. 411, at page 415, 54 S.Ct. 487, 489, 78 L. Ed. 882:

> "The opening statement of counsel is ordinarily intended to do no more than to inform the jury in a general way of the nature of the action and defense so that they may better be prepared to understand the evidence. * * * Plaintiff is entitled to the benefit of all inferences that may be drawn from his counsel's statement. To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists."

Reference may also be made to Pomeroy v. Pennsylvania R. Co., 1955, 96 U.S.App.D.C. 128, 223 F.2d 593; Boland v. Love, 1955, 95 U.S.App.D.C. 337, 222 F.2d 27; Booth v. District of Columbia, 1956, —— U.S.App.D.C. ——, 241 F.2d 437, and Ackerhalt v. National Savings & Trust Co., 1956, —— U.S.App.D.C. ——, —— F.2d ——. In all these cases we reversed judgments for the defendant rendered on the opening statement of plaintiff's counsel.

The opening statement here was in substance this: Plaintiff's decedent, Mr. Calbreath, was proceeding to a bus stop to take a bus home from his work. He saw the defendant's bus draw up, and ran for about 50 feet to catch it. Then he slowed down and continued toward the bus stop, where people were getting on. Before he reached the stop and while he was still on the sidewalk, the bus driver closed the door and suddenly drew away from the curb to the left, very sharply and very fast, as a result of which the bus struck Mr. Calbreath, knocking him down and injuring him. At the conclusion of this statement the defendant moved for a directed verdict on the ground that the statement set forth no act of negligence. After a colloquy with counsel, the court stated:

> "There is no contention that the bus climbed onto the sidewalk. There is no contention that there was any illegal overhang on the bus. Apparently the plaintiff was standing so close to the edge of the sidewalk that he was hit by the overhang as the bus turned. On those facts the Court is unable to see any negligence on the part of the bus driver. Moreover the Court would also hold, if the deceased stood so close to the edge of the sidewalk as to be struck by the overhang of a vehicle as it was proceeding on the pavement close to the sidewalk and turning, that he was guilty of contributory negligence.

> "Under the circumstances the Court feels that it has no alternative except to direct a verdict in favor of the defendant, and that will be the ruling of the Court."

█ A person using a sidewalk is entitled to be free from bodily injury caused by buses or vehicles using the

highway: drivers should keep a safe distance away, so that no part of the vehicle can inflict harm. If some part of a vehicle does strike an individual on the walk, a prima facie case of negligence is shown.[1] The cases cited in the margin also hold that a person on the sidewalk is not guilty of contributory negligence as a matter of law merely by reason of the fact that he may stand or walk close to the curb. The sidewalk is intended for the use of pedestrians, who are entitled to assume that there will be "no danger from vehicular traffic, regardless of how near to the curb" they stand. Henneberry, supra note 1, 253 S.W.2d at page 8. To be sure, there may be circumstances from which it may be inferred that a plaintiff so situated is guilty of contributory negligence, but it is for the jury to make this inference, and the defendant has the burden of proof. Mosher v. Lamora, 1935, 245 App.Div. 903, 282 N.Y.S. 379.

Defendant-appellee urges upon us a number of decisions involving streetcars. But the situation there is quite different from the present one, see Riegel v. Oakwood St. Ry. Co., supra note 1, 42 N.E. 2d at pages 678–679. Even so, where a person on the sidewalk has been hit by the rear overswing of a streetcar as it rounds a curve, the decisions refuse to hold as a matter of law that the streetcar company is not guilty of negligence or that the pedestrian is guilty of contributory negligence; instead, they leave it to a jury to decide these questions.[2]

■ For these reasons, we think the plaintiff is entitled to present her evidence to a jury. The judgment of the District Court will accordingly be reversed and the cause remanded.

So ordered.

1. To operate a bus "in such close proximity to the curbing as to strike a pedestrian standing on the sidewalk" is ordinarily to operate it negligently. Cincinnati, Newport & Covington Ry. Co. v. Henneberry, Ky.1952, 253 S.W.2d 7, 8. To the same effect: Ventimiglia v. M. A. Heiman Mfg. Co., Mo.App.1923, 256 S. W. 139; Young v. Yellow Cab Co., 1935, 118 Pa.Super. 495, 180 A. 63; Griffin v. Missouri Power & Light Co., Mo.App. 1936, 99 S.W.2d 474; Riegel v. Oakwood St. Ry. Co., Ohio App.1942, 42 N.E.2d 676; Myers v. Charleston Transit Co., 1946, 128 W.Va. 564, 37 S.E.2d 281. See also Burger v. Fifth Avenue Coach Co., 1928, 249 N.Y. 582, 164 N.E. 592; Collins v. Perry, 1928, 241 Mich. 361, 217 N.W. 32. Cf. Mosher v. Lamora, 1935, 245 App.Div. 903, 282 N.Y.S. 379; Evans v. Yakima Valley Transportation Co., 1952, 39 Wash.2d 841, 239 P.2d 336.

2. See Fritch v. Pittsburgh Rys. Co., 1913, 239 Pa. 6, 86 A. 526; Bryant v. Boston Elevated Ry., 1912, 212 Mass. 62, 98 N.E. 587, 40 L.R.A.,N.S., 133; Brentlinger v. Louisville Ry. Co., 1914, 156 Ky. 685, 161 S.W. 1107; Theisen v. Pittsburgh Rys. Co., 1917, 256 Pa. 475, 100 A. 994; cf. Laurent v. United Rys. Co. of St. Louis, Mo.1916, 191 S.W. 992; Gagnon v. Rhode Island Co., 1917, 40 R.I. 473, 101 A. 104, L.R.A.1917E, 1047. Accord: where a person is struck while on a loading platform or other safety zone. Chunn v. City & Suburban Railway, 1907, 207 U.S. 302, 28 S.Ct. 63, 52 L.Ed. 219; Mangan v. Des Moines City Ry. Co., 1925, 200 Iowa 597, 203 N.W. 705, 41 A.L.R. 368; Dallas Ry. & Terminal Co. v. Farnsworth, 1950, 148 Tex. 584, 227 S.W.2d 1017; Brandenburg v. Pacific Gas & Electric Co., 1946, 28 Cal. 2d 282, 169 P.2d 909; cf. Great Falls & O. D. R. Co. v. Hammerly, 1913, 40 App. D.C. 196; Ferguson v. Kansas City Public Service Co., 1945, 159 Kan. 520, 156 P.2d 869. In one case the court awarded the streetcar company a new trial, though it did not direct a verdict in the company's favor; this was partly on the basis that the pedestrian knew the streetcar was approaching and must be charged with knowledge of the commonly known physical fact that the rear of a streetcar swings out in rounding a curve, and that he should have drawn back out of danger. French v. Princeton Power Co., 1924, 95 W.Va. 707, 122 S.E. 171.